SPECTOR, Chief Judge.
Appellant seeks reversal of a judgment of conviction of armed robbery. On March 25, 1970, some hoys entered the Kassees Grocery Store in Jacksonville, Florida. The boys returned a second and a third time. Sam Kassees testified at trial that during their third visit to the store, appellant pulled a gun and took around fifty dollars from him.
Also at trial, one LeRoy McDonald testified that prior to the robbery he saw the appellant and two others about a block from the grocery store. Appellant had a gun in his hip pocket. McDonald stated that he went up to the group and that one of the boys (not the appellant) stated, “We are going to hit the store so you better get out.” Appellant’s counsel objected to the admissibility of such statement on the ground that it was hearsay. However, the trial judge allowed it in evidence on the basis that the appellant was present when the statement was made. The person who made the statement was not produced by the State and did not testify at the trial.
Appellant argues that his presence at the time the statement was made does not alter the character of the hearsay statement or constitute an exception to the hearsay rule.
It is a frequent abuse of the hearsay rule to allow hearsay testimony on the ground that the defendant was present at the time the statement was made. This hip pocket rule is unsupported by authorities. The misconception stems from confusion with the hearsay exception of admission by silence. The otherwise hearsay statement can only be admitted when it can be shown that in the context in which the statement was made, it was so accusatory in character that the defendant’s silence may be inferred to have been assent to its truth. An admission by silence is not applicable in the instant case as the statement was not accusatory as regarding the appellant, but rather was made by someone else to a third person.
The Fourth District Court of Appeal recently made reference to this common misconception of the hearsay rule in Johnson v. State, 249 So.2d 452 (Fla.App.1971), at page 455 as follows:
“ . . . Any concept that an otherwise inadmissible hearsay declaration is made admissible merely because it is stated in the presence of a party is erroneous. The fact that the party was present when the declaration was made does not create an exception to the rule against hearsay. The only significance to be attributed to the fact that a party was present at the time a statement was made by one other than the witness testifying is that under certain limited circumstances the party’s failure to promptly deny such statement will give rise to the inference that the party’s silence is an admission of the truth of such statement. . . . ”
Although the lower court’s ruling based on a misconception of the law of hearsay is erroneous, it is not grounds for reversal in light of the harmless error rule, Section 924.33, Florida Statutes, F.S.A. Disregarding the hearsay statement, there was more than sufficient evidence upon which the jury could find that appellant participated in the robbery of Kassees Grocery, particularly the in-court identification of appellant by the victim. Therefore, we hold that the objectionable hearsay was at best cumulative and thereby harmless. Urga v. State, 155 So.2d 719 (Fla.App. 1963). Accordingly, the judgment appealed is affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.