417 So.2d 805 (1982)
Timothy Paul PRIVETT, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1440.
District Court of Appeal of Florida, Fifth District.
August 4, 1982.
*806 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The key issue presented by this appeal is the correctness of the trial court's admission into evidence of testimony by a state witness relating incriminating conversations that occurred in the presence of the defendant, but in which he did not verbally participate. This case is illustrative of a frequently misunderstood point of law. Statements made by a third party in the presence of a defendant (or civil party) are not, ipso facto, rendered admissible merely by his presence. This confusion has resulted from an unfortunate transmutation of the ancient evidentiary doctrine of admission by silence. E.g. Sullivan v. McMillan, 26 Fla. 543, 8 So. 450 (1890).
If a party is silent, when he ought to have denied a statement that was made in his presence and that he was aware of, a presumption of acquiescence arises. Not all statements made in the presence of a party require denial. The hearsay statement can only be admitted when it can be shown that in the context in which the statement was made it was so accusatory in nature that the defendant's silence may be inferred to have been assent to its truth. Daughterty v. State, 269 So.2d 426 (Fla. 1st DCA 1972). To determine whether the person's silence does constitute an admission, the circumstances and the nature of the statement must be considered to see if it would be expected that the person would protest if the statement were untrue. Tresvant v. State, 396 So.2d 733 (Fla. 3d DCA 1981), review denied, 408 So.2d 1096 (Fla. 1981).
Several factors should be present to show that an acquiescence did in fact occur. These factors include the following:
1. The statement must have been heard by the party claimed to have acquiesced.
2. The statement must have been understood by him.
3. The subject matter of the statement is within the knowledge of the person.
4. There were no physical or emotional impediments to the person responding.
5. The personal make-up of the speaker or his relationship to the party or event are not such as to make it unreasonable to expect a denial.
6. The statement itself must be such as would, if untrue, call for a denial under the circumstances.
*807 The essential inquiry thus becomes whether a reasonable person would have denied the statements under the circumstances. McCormick, Evidence, § 270 (2d ed. 1972). Florida has incorporated this rule into its Evidence Code as section 90.803(18)(b), Florida Statutes (1981), which provides:
The provision of section 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
(18) Admissions  A statement that is offered against a party and is:
(b) a statement of which he has manifested his adoption or belief in its truth.
In this case the testimony was clear that the defendant Privett was present and heard extensive discussions of bank robberies and his participation in them. No claim of physical impediment is raised, and the statements implicating Privett in bank robberies would certainly seem to be ones which, if untrue, would call for a denial. Clearly, an admission by acquiescence can be seen by these repeated statements made in Privett's presence without any objection by him and, indeed, with statements of his own tending to show the truth of the conversations. Here, the statements were admissible against Privett via section 90.803(18)(b), and were properly allowed in by the trial court.
The parties have stipulated that a clerical error is present in the judgment order. The judgment states that the appellant was found guilty of a second degree felony whereas he was actually convicted and sentenced for a third degree felony. Accordingly, the cause is affirmed and remanded for correction of the judgment to reflect the proper degree of crime for which the appellant was convicted.
AFFIRMED AND REMANDED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.