CAMPBELL, Judge.
On March 24, 1982, Ms. Tami Armstrong was working as a drive-in teller for the First National Bank of Ft. Myers when a blue Chevrolet Chevette drove up to her window. She noticed that there were three black men inside the car; she also saw the man in the back seat hand a check and a driver’s license to the driver. The driver then handed her these two items. The check was drawn on the Lee County Bank and named Billy James Davis as the payee and Mr. Pat Dickmon as signatory. The driver’s license was issued to appellant. Armstrong delayed conducting the transaction because she was suspicious of the three men, and after a few minutes, the men in the car drove off. They left the driver’s license and the check with Ms. Armstrong. She testified that the endorsement on the check and the signature on the driver’s license were not a total match.
Appellant, Billy James Davis, was arrested and later charged with uttering a forged instrument in violation of section 831.02, Florida Statutes (1981). At trial, the state called Ms. Armstrong who testified that she saw only the profile of the man in the back seat and that she could not tell whether he was the same man whose picture appeared on the driver’s license. She identified appellant in court as the man whose face appeared on the driver’s license. However, the state presented no further testimony, either identifying appellant as the perpetrator of the crime or otherwise placing him at the scene of the crime. Appellant testified that his driver’s license had been stolen. The jury found appellant guilty as charged, but we find that we now must reverse because the evidence presented by the state was insufficient as a matter of law.
It is well established in Florida that the state must prove the identity of the accused as the perpetrator beyond a reasonable doubt. Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981); Ponsell v. State, 393 So.2d 635 (Fla. 4th DCA 1981). See Williams v. State, 68 Fla. 239, 67 So. 43 (1914). Here, the state did not produce one scintilla of evidence that appellant was the man in the back seat who handed the license and check to the driver, who, in turn, handed these items to Ms. Armstrong. Although the driver’s license was appellant’s, that circumstance was not enough to convict him once he took the stand and testified that his driver’s license had been stolen.
Because the state failed to prove this essential element of its case beyond a reasonable doubt, we REVERSE appellant’s conviction and order his discharge.
BOARDMAN, A.C.J., and SCHEB, J., concur.