THOMPSON, Judge.
The juvenile appellant was found guilty of burglary of a dwelling and petit theft. Adjudication of delinquency was withheld, and appellant was placed on community control. Appellant argues that the lower court erred in denying his motions for judgment of acquittal on the burglary and petit theft charges. We agree, and reverse.
The circumstantial evidence relied upon by the state was legally insufficient to prove the offenses charged. Appellant allegedly entered an apartment with a companion and participated in the theft of some firecrackers, ammunition and a flashlight. The state’s evidence established that appellant’s companion subsequently had possession of the flashlight and that appellant was seen with some bullets in his possession both before and after the theft occurred. After his arrest appellant acknowledged being present in the apartment building with his companion, but denied entering the apartment from which the items were taken. No witnesses identified appellant, although two eyewitnesses were able to identify his companion. There was no evidence that appellant knew his companion removed any property which did not belong to him, or that appellant entered the building with any intent to commit an offense or knowledge of any such intention on the part of his companion. None of the stolen property was found in appellant’s possession and his companion testified as a defense witness that appellant waited downstairs while he went upstairs into the apartment where he took the firecrackers and flashlight. He denied taking any ammunition.
It is not unreasonable to infer that appellant entered the apartment building and remained downstairs without any knowledge of actual or intended wrongdoing. The evidence in a circumstantial evidence case must prove guilt beyond a reasonable doubt and must also be sufficient to exclude every reasonable hypothesis of innocence. T.S.J. v. State, 439 So.2d 966 (Fla. 1st DCA 1983). The evidence in the instant case established nothing more than appellant’s mere presence near the occurrence of a crime. This is legally insufficient to prove the offenses charged. Accordingly, the lower court’s order is reversed and the case is remanded for the entry of a judgment of acquittal.
REVERSED.
ZEHMER, J., concurs.
BARFIELD, J., dissents with written opinion.