PATTERSON, Judge.
By this appeal, Scott Turner presents us with two issues: whether the trial court erred in denying his motion for judgment of acquittal of grand theft, and whether it erred in failing to hold an adequate competency hearing before trial. Because we hold as a matter of law that the evidence was insufficient to support Turner’s conviction, we reverse and remand for entry of a judgment of acquittal and decline to address the competency hearing issue.
The evidence shows that the victim of the theft, Lloyd Grass, worked at a landscaping business owned by Ron DelFavero. On August 11, 1986, Grass went to work and discovered that his toolbox and tools had vanished overnight. The toolbox and its contents, a set of 400 Craftsman tools and various other tools, had a total value of approximately $2000.
That afternoon, Grass noticed the defendant using Craftsman tools to work on a car outside the adjacent apartment. This apartment was also owned by Ron Del-Favero, and was on property contiguous with that of the landscaping business. Del-Favero had leased it to Mark Barry, but Barry had been hospitalized around the time of these events and had permitted the defendant to stay there in his absence. Penny Dillman also stayed there.
Grass went over to the car and removed two Craftsman wrenches and a screwdriver from its trunk and front seat. He did not take any of the tools the defendant was using and did not see the defendant using any stolen tools, but informed DelFavero of what he had found.
DelFavero, who knew that Turner was staying in the apartment, decided to look inside to see whether the tools were there. He used his key to enter the apartment, and he found the toolbox, empty, in the' only bedroom. DelFavero located Barry at the restaurant where he worked, notified him of the circumstances, and then called the Sheriff's Office.
Deputy Hurley responded to the scene. He inspected the landscaping business premises and found no sign of forced entry. According to DelFavero’s testimony, *1343 the building is a converted greenhouse surrounded by a six-foot fence. This fence is around the structure itself, and although there are places where a one- or two-foot gap exists between the roof of the building and the fence, the gap is not big enough for a person to get through. The fence is locked at night but open during the day when the employees are there.
After finding no sign of forced entry at the landscaping business, Deputy Hurley proceeded with Deputy Barber to the apartment. There he obtained a written consent to search from Penny Dillman, and while he spoke with her, Deputy Barber searched the apartment. Barber found the toolbox but no tools.
On the basis of this evidence, the defendant was arrested, charged with, and ultimately convicted of, grand theft. Neither Mark Barry nor Penny Dillman testified at trial; the sole witnesses were Grass, Del-Favero, and Hurley, who never saw or spoke with the defendant. The state showed only that the defendant happened to be using Craftsman tools (a common brand), and was staying with at least one and possibly two other people in the one-bedroom apartment where the stolen box was found.
The state argues that because the defendant was in possession of recently stolen property, it was entitled to the inference that he knew or should have known that it was stolen. Section 812.022(2), Florida Statutes (1985), provides:
Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen....
This inference could have been fairly drawn if the state had proven that the defendant was in possession of the property. However, the evidence at trial did not make such a showing.
The fact that Grass recovered three Craftsman tools, which the defendant was not using, from the front seat and trunk of a car upon which the defendant was working, does not prove that the defendant stole a toolbox containing more than 400 such tools. The car did not belong to the defendant, and Grass did not see the defendant using stolen tools to work on it.
Nor does the fact that the empty toolbox was found in the apartment prove that the defendant stole it. Penny Dillman was also living in the apartment, and the tenant, Mark Barry, was out of the hospital on the day the theft was discovered. Thus, at least two and possibly three people had equal access to and right of control over the apartment. The evidence does not show whom among them used the bedroom.
This evidence is insufficient, as a matter of law, to prove beyond a reasonable doubt that Turner had possession and control over the stolen items. We therefore reverse and remand for the entry of a judgment consistent with this opinion.
CAMPBELL, C.J., and RYDER, J„ concur.