PER CURIAM.
William Coots appeals his conviction and sentence for grand theft. We reverse.
There is no dispute that a theft occurred. The crime was observed by deputy sheriffs who were engaged in a surveillance operation. One codefendant, a Mr. Register, tossed an aluminum sidewalk grate into a pickup truck driven by another codefend-ant, Mr. Thomas. Appellant was sitting in the middle of the cab, between Thomas and Register, when the truck was stopped. Although one of the deputies described appellant as “alert,” both appellant and Mr. Register testified that appellant was drunk and passed out at the time Register took the grate.
At best, the evidence before the trial court demonstrates that appellant was present at the scene while a crime was being committed. It does not establish that appellant intended for the offense to occur or that he assisted in any way. It is therefore legally insufficient to sustain the *874 conviction. See, e.g., Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972).
Our conclusion makes it unnecessary to consider the remaining issues raised by appellant, which involve the legality of the sentence.
Reversed and remanded with directions to discharge the appellant.
RYDER, A.C.J., and LEHAN and ALTENBERND, JJ., concur.