SCHOONOVER, Chief Judge.
The appellant, Tyrone Cowart, challenges the judgments and sentences entered against him pursuant to jury verdicts finding him guilty of burglary of a conveyance and petit theft. We affirm in part and reverse in part.
We find no merit in the appellant’s contention concerning the conduct of his trial or in his contention that the trial court erred by denying his motion for a judgment of acquittal on the petit theft charge. We, accordingly, affirm the conviction and sentence on that charge.
We agree, however, with the appellant’s position that the trial court erred by not granting his motion for judgment of acquittal on the burglary of a conveyance charge. In order to prove the offense of burglary of a conveyance, it is necessary to prove, among other things, that the defendant entered or remained in a conveyance. § 810.02, Florida Statutes (1987). This element of the offense was not proven in this case. There was no evidence that the appellant entered or remained in the vehicle. The evidence merely established that the appellant was in possession of the victim’s purse. This circumstantial evidence was not sufficient to allow the jury to return a guilty verdict.
Where the only proof of guilt is circumstantial, a conviction may not be upheld no matter how strongly the evidence may suggest guilt, unless the evidence is inconsistent with any reasonable hypothesis of innocence. Bradford v. State, 460 So.2d 926 (Fla. 2d DCA 1984), petition for review denied, 467 So.2d 999 (Fla.1985). The defendant’s version of the events must be believed if circumstances do not show that his version is false. Bradford. In this case, the state did not present sufficient evidence to allow the jury to find that the appellant’s testimony that he had found the victim’s purse behind a pawn shop was unreasonable. See J.A.L. v. State, 409 So.2d 70 (Fla. 3d DCA 1982).
We, accordingly, reverse and remand with instructions to discharge the appellant on the burglary of a conveyance charge. We affirm the petit theft conviction and sentence.
Affirmed in part and reversed in part.
DANAHY and THREADGILL, JJ., concur.