RYDER, Judge.
Warren Butts attacks his conviction for robbery with a firearm. We hold that the trial court erred in failing to grant Butts’s motion for judgment of acquittal. We accordingly reverse the order denying the motion for judgment of acquittal and direct the trial court to discharge Butts.
This case began with a robbery at the Rally Food Store near the Charlotte/Arcadia exit on Interstate 75. In the early morning of July 11, 1991, a customer who was fueling his truck noticed a large, older model brown or bronze ear with spoked hubcaps pull up to the side of the store and saw two black men get out. Shortly after the customer entered the store, two black men came in. One man asked the cashier for two packages of Newport cigarettes. While the cashier was getting his change, the man pulled out a gun and announced a holdup. He turned the gun on the customer and another store employee, while the second man stood next to the cashier and took money from the register. The robbers took approximately $75.00 from the cash register and two cartons of Newport cigarettes as well as the two packages. Additionally, they took the customer’s and the employee’s wallets, and money from the cashier’s wallet. A third man, who was outside, knocked on the window and the two robbers left. The cashier thought he saw the men leave in a brown, tan or gold car. He called the police.
Deputy Don of the Charlotte County Sheriff’s Office responded to the call in a few minutes. He issued a “be on the lookout” for a medium-to-large, four-door car with spoked wheels containing three black males, which might be heading south on the interstate. Deputy Russell saw a similar automobile and followed it until the car pulled off the road. Three men got out and ran away. Deputy Russell apprehended Darren Jones near the vehicle. Deputies Young and Ellsworth arrived to assist. Ellsworth apprehended Warren Butts, whom he had seen running in the area. Young captured Anthony Pace.
Jones had $145.13 in twenties, tens, fives, ones and change. Butts had approximately $295.00 in his pockets in twenties, tens, fives and ones. He also had two packs of Newport cigarettes. Pace had a large amount of money wadded up and *1072 sticking out of his clothes. None of the suspects carried a gun, nor did the deputies find a gun in the car. The car contained additional money and mixed cartons of Newport cigarettes. Some of the cigarette packages had red, Circle K price tags. The victims’ wallets were not found. None of the suspects’ fingerprints were found on the car, nor were the Rally Food Store employee’s fingerprints on any items recovered.
Jones, Butts and Pace were charged with robbery with a firearm in violation of section 812.13, Florida Statutes (1989). All three defendants were tried together. At trial, the customer at Rally identified the gunman as Jones. None of the victims could identify Butts or Pace.
The customer testified that the gunman wore a dark, possibly brown or black silk shirt, long dark shorts and sneakers or shoes. He believed the third man, who was outside, was either a white man or wearing something white. He did not describe the clothing of the second man. The cashier testified that the second man wore a purple tank top, black shorts with a design and tennis shoes. The other employee thought the second man was wearing a light blue or green tank top. He described the gunman’s clothing as a short-sleeved shirt in different shades of brown and dark trousers. Deputy Don testified the victims told him that the second man was wearing multicolored shorts and a light or white pullover top and the gunman was wearing a purple top with light green shorts. At the time of arrest, Jones was wearing a pair of plaid multicolored Bermuda shorts in pink, yellow and purple. Pace wore white denim bib overalls and possibly a dark shirt. None of the arresting officers were sure what Butts was wearing, but Young believed it was the same type of shorts that Pace wore.
After the state rested, all three defendants moved for judgment of acquittal. The trial court granted the motion as to Pace, but denied it as to Jones and Butts. The jury found Butts guilty of robbery with a firearm, and he was sentenced to imprisonment.
Butts has raised five issues on appeal. Because the first issue is dispositive, we do not address the remaining issues. Butts argues that the evidence was insufficient to convict him of robbery. We agree. Reduced to its essentials, the evidence against Butts was that: (1) he was found running away from a vehicle that was similar to the one described in the “be on the lookout”; (2) he was apprehended near Jones, who was identified as the gunman; (3) he was in possession of cash and Newport cigarettes; and (4) because no one could say with certainty what he was wearing when apprehended, his clothing did not eliminate him as the second man. These facts do not, as they must, eliminate all reasonable hypotheses of innocence. Owen v. State, 432 So.2d 579 (Fla. 2d DCA1983).
The car that Deputy Russell followed was never identified as the car the customer and the cashier noticed at the Rally Food Store. Even if it had been, Butts’s presence near the car is insufficient to establish that he participated in the robbery. Owen; Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA1978). Nor do the facts that Butts may have been with Jones and may have fled from the police establish his guilt. W.B. v. State, 554 So.2d 577 (Fla. 3d DCA1989).
Butts was not in possession of the victims’ stolen wallets, nor were they found in or near the car. The Newport cigarettes and the cash found on Butts and in the car were not identified as those taken from the Rally Food Store. In fact, markings on some of the cigarette packages implied they had come from another convenience store. Possession of items that are consistent with those taken in a robbery is not sufficient to show the possessor was the robber. J.L.J. v. State, 367 So.2d 699 (Fla. 2d DCA1979). Because the money and cigarettes were not identified as stolen property, no presumption concerning recent possession of stolen property arises. See Turner v. State, 560 So.2d 1342 (Fla. 2d DCA1990).
None of the victims could identify Butts. The state argues that Butts must have been the second man because the other two *1073 men apprehended with him were eliminated from contention: Jones was identified as the gunman and Pace’s clothes did not conform to any of the varied descriptions of the second man’s attire. This argument ignores the fact that none of the officers could accurately describe what Butts was wearing at the time of arrest, so there was no evidence that his clothing matched the victims’ descriptions. The only testimony was that Butts’s clothes may have been similar to Pace’s. If Pace’s clothing eliminated him, then, on the evidence presented, Butts should be eliminated as well.
On his motion for judgment of acquittal, Butts presented alternate theories of his innocence. He argued that nothing showed he was actually in the automobile that Deputy Russell followed. Even if he had been in the car, he could have entered it sometime after the robbery at Rally and before Deputy Russell first observed it. Finally, he contended that the car itself was never connected to the robbery. The version of the evidence that a defendant puts forth must be believed unless the circumstantial evidence shows it to be false. Rager v. State, 587 So.2d 1366 (Fla. 2d DCA1991). The minimal circumstantial evidence adduced by the state does not disprove any of Butts’s theories, nor does it exclude a reasonable hypothesis of innocence. Rager; Owen. The evidence was simply insufficient to avoid a judgment of acquittal.
Reversed with instructions to discharge Butts.
FRANK, C.J., and BLUE, J., concur.