THREADGILL, Judge.
I.F.T., a juvenile, was adjudicated delinquent of burglary of a structure and felony petit theft following a bench trial. He appeals on the ground that there was insufficient evidence of identity. We reverse.
On May 17, 1992, at about 4 a.m., Ben Gaffney observed two men at the recreational center at Jackson Heights Park in Tampa. He called the police but before the police arrived, he saw the men walk to the back of the center. The police arrived but soon left. The two men came out of the center. One of the men was carrying barbell weights. They then left the area. Gaffney again called the police. At about 4:10 a.m., Police Officers Mormon and Tindle arrived. They entered the building through an opened door on the side of the building and observed that someone had entered the building through an air vent in the attic.
The appellant was subsequently arrested. At the trial, one of the officers testified that Gaffney, who reported the burglary, told him that the appellant was involved. However, this was stricken as hearsay.
On direct examination, Gaffney was asked at two different times whether he saw either of the two perpetrators in the courtroom. He replied the first time, “No. Because I was told it was a guy here,” and the second time, “No, I can’t answer that.” He also denied telling the police officers that he recognized the appellant as one of the perpetrators. Although Gaffney admitted knowing the appellant from the neighborhood, in response to the question whether he told police he recognized the appellant as a perpetrator, Gaffney replied, “I didn’t recognize him but that was what I was told.”
During the testimony of an employee of the recreational center, an implication arose that Gaffney’s testimony was influenced by threats from either the appellant or the code-fendant. This implication was further bolstered by Gaffney’s equivocal responses to questions concerning the appellant’s involvement. The trial court thus concluded that Gaffney was not telling the truth.
Although inferences from the testimony may support a finding that Gaffney *180 was not telling the truth, they do not necessarily support the further conclusion that the appellant committed the burglary and theft. To conclude from Gaffney’s failure to identify the appellant that the appellant committed these offenses requires an impermissible pyramiding of inferences. See Benson v. State, 526 So.2d 948 (Fla.2d DCA), rev. denied, 536 So.2d 243 (Fla.1988), cert. denied, Benson v. Florida, 489 U.S. 1069, 109 S.Ct. 1349, 103 L.Ed.2d 817 (1989). Where two or more inferences in regard to the existence of a criminal act must be drawn from the evidence and then pyramided to prove the crime charged, the evidence lacks the conclusive nature to support a conviction. Collins v. State, 438 So.2d 1036 (Fla. 2d DCA 1983). The state must prove the identity of the accused as the perpetrator beyond a reasonable doubt. Davis v. State, 438 So.2d 973 (Fla.2d DCA 1983). The state failed to do this in this case. We therefore reverse the appellant’s convictions.
Reversed.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.