LAZZARA, Judge.
Gregory Currelly appeals his judgments and sentences for second-degree felony murder and two counts of robbery with a firearm. We conclude that the trial court erred by failing to direct a judgment of acquittal at the close of the state’s case-in-chief as to felony murder and one count of armed robbery. Accordingly, we reverse as to those offenses and remand with directions that Currelly be discharged. We find no merit in the contentions raised in support of reversal of the other count of armed robbery and affirm that conviction. We remand that count, however, for resentencing because the deletion of the other two offenses from Cur-relly’s sentencing guidelines scoresheet results in a lower recommended sentencing range.
Currelly was tried before a jury on an information charging him and Gerald Walden with one count of armed robbery of Timothy Nash, one count of armed robbery of Paul Calhoun, and one count of second-degree felony murder in which the decedent was Cocquone Ford.[1] The state’s theory of prosecution as to felony murder was that Ford was killed while he, Currelly, and Wal *140 den were perpetrating the robbery of Calhoun and that the person who killed Ford, a Michael Simpson, was not involved in the robbery. Such a theory, if provén, clearly supports a conviction for second-degree felony murder under section 782.04(3), Florida Statutes (1991). State v. Dene, 533 So.2d 265 (Fla.1988).
The state presented evidence demonstrating that on the night of July 10, 1992, Timothy Nash was confronted on a street corner by Currelly, Ford, and Walden after they exited a white car. All of them were armed and robbed Nash of money and personal property. According to Nash, Currelly, whom he knew, was armed with a large firearm, possibly a nine millimeter. After the robbery, Currelly, Ford, and Walden left in the white car. Calhoun made reference to the fact that he later saw this car when “the murder occurred.”
The state’s evidence further showed that later that same night Paul Calhoun was the victim of an armed robbery committed by Walden. Calhoun testified that he observed a white ear drive up to his location and saw Walden exit from the front passenger seat. Walden then confronted him with a firearm, took him across the street, forced him to the ground, robbed him of money and personal property, and fired two shots into the ground. After the robbery, while Walden was approaching the white ear to leave, gunfire erupted. The ear then left without Walden. Calhoun never identified Currelly or Ford as occupants of the white car nor did he place them in the vicinity of the robbery.
The state also presented the testimony of Michael Simpson who was approximately twenty feet away from where his friend Calhoun was being robbed by Walden. He testified that when he observed the robbery he started to flee and, in the process, secured a firearm from an unidentified individual. At this point, a white car occupied by two individuals drove towards him and one of them fired one shotgun blast from the window. Simpson then fired one or two shots at the car to protect himself and Calhoun. Simpson also never identified Currelly or Ford as occupants of this car nor placed them at the scene of the robbery.
Finally, the state presented the testimony of the medical examiner. He testified that he performed an autopsy on Ford on July 11, 1992, and that in his opinion Ford died from excessive bleeding caused by a single gunshot which entered the hip and eventually perforated the aorta. The medical examiner further related that he recovered a nine millimeter bullet from Ford’s body which, in his opinion, was the cause of death.
It is a basic principle of Florida law that the state must prove the identity of a defendant as the perpetrator of the crime charged beyond a reasonable doubt. Davis v. State, 438 So.2d 973 (Fla. 2d DCA1983). If the state fails to meet this burden then “the case should not be submitted to the jury and a judgment of acquittal should be granted.” Ponsell v. State, 393 So.2d 635, 637 (Fla. 4th DCA1981). In reviewing the sufficiency of the evidence necessary to sustain the state’s burden, an appellate court “must decide whether the evidence presented during the State’s case was legally sufficient to support” a conviction. Walker v. State, 604 So.2d 475, 477 (Fla.1992) (emphasis added). The court may not look to evidence furnished by the defendant to supply proof of an essential element of the state’s case. State v. Pennington, 534 So.2d 393 (Fla.1988).
We have exhaustively reviewed the record of the evidence the state presented to the jury. We cannot find “one scintilla of evidence” that Currelly participated in the robbery of Calhoun which the state claimed led to the death of Ford. Davis, 438 So.2d at 974. Indeed, the state concedes in its brief that Currelly was not identified at this crime scene. Nor can we find any evidence that Simpson caused the death of Ford during the course of this robbery. See Mahaun v. State, 377 So.2d 1158, 1160 (Fla.1979) (“In any felony murder conviction the element of causation must be established.”). All the state proved is that Simpson fired at a white car occupied by two unknown individuals. Moreover, there was no evidence even placing Ford at the scene of the robbery.
The only testimony remotely suggesting the presence of Currelly and Ford at the scene of the Calhoun robbery was the testi *141 mony of Nash that he later saw the white car involved in his robbery at the scene of a murder. To conclude that this tenuous evidence somehow links Currelly to the Calhoun robbery and is thus sufficient to sustain his conviction for that robbery, as well, as for the murder of Ford, requires an impermissible stacking of inferences. That is, one would first have to infer that Nash was referring to the murder of Ford. One would then have to infer that since Currelly and Ford were in this same car earlier with Walden at the Nash robbery, they must have been in it at the time Walden robbed Calhoun. From this pyramiding of inferences, one would then have to conclude that Currelly participated in the Calhoun robbery as a principal[2] and that Ford was killed by Simpson during the perpetration of this robbery. '
This court has held, however, that “[w]here two or more inferences in regard to the existence of a criminal act must be drawn from the evidence and then pyramided to prove the crime charged, the evidence lacks the conclusive nature to support a conviction.” I.F.T. v. State, 629 So.2d 179, 180 (Fla. 2d DCA 1993). Thus, as in Butts v. State, 620 So.2d 1071, 1073 (Fla. 2d DCA 1993), we conclude that this “minimal circumstantial evidence adduced by the state ... does [not] exclude a reasonable hypothesis of innocence” and “was simply insufficient to avoid a judgment of acquittal.”
Nor, as the state would have us conclude, does the evidence suggesting that Cur-relly used a nine millimeter firearm to rob Nash earlier, combined with the fact that Ford was later killed by a bullet from the same type weapon, prove Currelly’s guilt. As noted, the state’s theory was that Simpson, a person uninvolved in the Calhoun robbery, killed Ford. The evidence is unre-futed that the weapon fired by Simpson at the car was secured from an unidentified individual, not from Currelly. We emphasize again, however, that there was no evidence placing Ford either in the car or at the scene of the Calhoun robbery.
We, therefore, conclude that the trial court erred by not granting Currelly’s motion for judgment of acquittal as to the Calhoun robbery and the second-degree murder of Ford and reverse and remand with directions that the judgments and sentences for those offenses be vacated and Currelly discharged. We also conclude that there was sufficient evidence, untainted by error, establishing his guilt for the Nash robbery and affirm that conviction. We remand, however, for resen-tencing with a corrected sentencing guidelines scoresheet that omits all reference to the murder and robbery offenses we have set aside.
Affirmed in part, reversed in part, and remanded with directions.
FRANK, C.J., and PARKER, J., concur.

. Currelly’s motion to sever his trial from Walden's was granted.

. See Staten v. State, 519 So.2d 622, 625 (Fla.1988) ("In order to be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime.").