651 So.2d 1239 (1995)
J.J.H., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1679.
District Court of Appeal of Florida, Fifth District.
March 10, 1995.
*1240 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
J.J.H. appeals the trial court's order adjudicating him delinquent after the court found him guilty of the offenses of burglary of a dwelling while armed[1] and grand theft.[2] Because the trial evidence is insufficient to sustain a finding of guilt for either of these offenses, we must reverse the adjudication of delinquency.
At trial, the evidence showed that Linda Simpson's home was unlawfully entered on February 25, 1994, during the morning or afternoon while Simpson was out. Stolen were $200 in coins located in a Folgers coffee can and in a jar, several knives, two commemorative coins, and a pair of nunchuks. J.J.H.'s mother, Sally Honeycutt, lived in a trailer next door to Simpson. The night before the burglary, J.J.H. visited Simpson's home in order to use the phone. On the day of the burglary, J.J.H, his codefendant, J.W., and two female juveniles, L.C. and M.F., were present in the Honeycutt trailer, along with Honeycutt and her boyfriend.
When Officer Karl arrived at Simpson's home to investigate the burglary, the four juveniles fled Honeycutt's trailer after Honeycutt told them to run. Most of the coins were immediately found at the back door of Honeycutt's trailer, and the knives, with one exception, were found in Simpson's yard. The remaining knife was found under a chair located in the front room of Honeycutt's trailer, and the nunchuks were found in the bathroom of the trailer. Karl found the two commemorative coins outside the trailer.
The next day, Officer Karl and four other officers located the four juveniles camping in the Ocala National Forest. He took all four juveniles into custody and arrested J.J.H. and J.W. for the burglary and theft. The two female juveniles, who were reported as runaways, were questioned. L.C. purportedly stated that she saw J.J.H. and J.W. break into the Simpson residence. At trial, however, L.C. testified that she neither made this statement nor saw J.J.H. or J.W. break into the residence. Fingerprints were found on the window used for entry and on the Folgers coffee can, but none of the prints matched either J.J.H.'s or J.W.'s prints.
Relying on State v. Moore, 485 So.2d 1279 (Fla. 1986), J.J.H. contends that the trial court's findings of guilt cannot be sustained based on L.C.'s prior statement, which was admitted over J.J.H.'s hearsay objection. In Moore, the Florida Supreme Court held that, although a prior inconsistent statement made under oath before a grand jury could be admitted as substantive evidence pursuant to *1241 section 90.801(2)(a)[3] of the Florida Statutes, a criminal conviction could not be sustained based on this evidence if the statement was "the sole evidence of a central element of the crime charged." Moore, 485 So.2d at 1281.
Initially, we must agree with J.J.H.'s characterization of L.C.'s prior statement as hearsay. In State v. Delgado-Santos, 497 So.2d 1199 (Fla. 1986), the Florida Supreme Court held that prior inconsistent statements made during a police interrogation by a defendant's alleged accomplice do not constitute statements made in an "other proceeding" under section 90.801(2)(a) and, therefore, such statements are not admissible as non-hearsay, substantive evidence.[4]Accord Dudley v. State, 545 So.2d 857 (Fla. 1989) (prior statement made to detective and assistant state attorney).[5] Additionally, contrary to the state's argument below, no general hearsay exception exists for statements made in the presence of a defendant. Privett v. State, 417 So.2d 805, 806 (Fla. 5th DCA 1982); Daughtery v. State, 269 So.2d 426, 427 (Fla. 1st DCA 1972); Johnson v. State, 249 So.2d 452, 455 (Fla. 4th DCA 1971).[6]
We also agree with J.J.H.'s contention that, without L.C.'s hearsay statement, the evidence cannot sustain the trial court's finding that J.J.H. was guilty of armed burglary. See Morse v. State, 604 So.2d 496, 504 (Fla. 1st DCA 1992); Cowart v. State, 582 So.2d 90, 91 (Fla. 2d DCA 1991); In re J.A. v. State, 485 So.2d 872, 873 (Fla. 1st DCA 1986); J.K. v. State, 448 So.2d 71, 71 (Fla.3d DCA 1984); Walker v. State, 426 So.2d 1180, 1180-81 (Fla. 5th DCA 1983); J.A.L. v. State, 409 So.2d 70, 70-71 (Fla.3d DCA 1982). The state failed to present any other evidence indicating that J.J.H. entered or remained in Simpson's home, an essential element of burglary, or that he aided or abetted another in doing so.
Similarly, we must reverse the trial court's finding that J.J.H. was guilty of grand theft. See Turner v. State, 560 So.2d 1342 (Fla.2d DCA 1990). See also Coots v. State, 578 So.2d 873 (Fla.2d DCA 1991). The state failed to present evidence that J.J.H. was in possession of any of the stolen items, and it was undisputed that several other people had equal access to Honeycutt's trailer, where most of the stolen items were discovered on the day the theft occurred.[7]
Accordingly, we reverse the adjudication of delinquency in its entirety and remand for *1242 entry of a judgment consistent with this opinion.
REVERSED.
W. SHARP, and GRIFFIN, JJ., concur.
NOTES
[1] See §§ 810.02(1), 810.02(2)(b), Fla. Stat. (1993).
[2] See §§ 812.014(1), 812.014(2)(c)1, Fla. Stat. (1993). The state alleged that the property taken was worth $300 or more but less than $20,000.
[3] Section 90.801(2)(a), Florida Statutes (1981), provides:

A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition; ... .
[4] Under section 90.801(1)(c), Florida Statutes (1993), L.C.'s statement would have been admissible for impeachment purposes; however, the state introduced the statement into evidence before L.C. testified.
[5] The supreme court has applied the holding of Delgado-Santos even where the statement is made under oath. See State v. Smith, 573 So.2d 306 (Fla. 1990) (prior statement made under oath to prosecutor and deputy in presence of court reporter). See also Ellis v. State, 622 So.2d 991 (Fla. 1993) (witness, who was subpoenaed to appear before prosecuting attorney, was put under oath and required to testify before court reporter in nonadversarial setting).
[6] The state neither argued that the statement was admissible as an admission by silence, nor presented evidence from which the trial court could have reached such a conclusion. See Daughtery, 269 So.2d at 427; Johnson, 249 So.2d at 455. We note that the applicability of such an exception has been questioned on Fifth Amendment grounds when the defendant is in custody at the time the statement is made in his presence. See Jones v. State, 200 So.2d 574, 576 (Fla.3d DCA 1967); Johnson, 249 So.2d at 455. See also State v. Galasso, 217 So.2d 326, 329 (Fla. 1968); Tresvant v. State, 396 So.2d 733, 738 (Fla.3d DCA), rev. denied, 408 So.2d 1096 (Fla. 1981).
[7] We further note that the state failed to prove that the stolen items equaled or exceeded $300 in value, an essential element of grand theft. At trial, Simpson testified that the coins in the coffee can and the jar were worth approximately $200; however, the state failed to present any evidence regarding the value of the two commemorative coins, the knives, and the pair of nunchuks. In this regard, we reject the state's argument that these items have a self-evident combined value of $100. See Randolph v. State, 608 So.2d 573 (Fla. 5th DCA 1992).