662 So.2d 992 (1995)
Silas Edward HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01906.
District Court of Appeal of Florida, Second District.
November 3, 1995.
*993 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann P. Corcoran, Assistant Attorney General, Tampa, for Appellee.
FRANK, Judge.
Silas Hampton appeals from a judgment convicting him of possession of cocaine, possession of marijuana, and possession of drug paraphernalia. We reverse only the conviction for possession of marijuana, because of the State's failure to establish the elements supporting a constructive possession of contraband. We affirm the other convictions.
Emergency personnel responded to Hampton's trailer home when his wife suffered a seizure rendering her unconscious. Questioned about his wife's condition, Hampton gave a bag of cocaine to a medical technician and explained "this might be the problem, she may have taken some of this." Hampton then accompanied his wife to the hospital, leaving his sixteen year old son Paul in sole possession of the trailer home.
After Hampton's departure, police officers arrived and took possession of the cocaine. The police knocked on the door of the house trailer and Paul answered indicating that he resided there with his parents. Paul's driver's license confirmed his statement. Upon request, Paul signed a consent form and allowed the officers to enter and search the trailer. Indicating both his maturity and his authority over the premises, Paul volunteered to secure the family dog, a pit bull, and several firearms within the trailer. We find no error in the trial court's determination that Paul's consent was freely and voluntarily given and that the warrantless entry otherwise satisfies the criteria expressed in Saavedra v. State, 622 So.2d 952 (Fla. 1993).[1]
Shortly thereafter, Hampton telephoned from the hospital and asked to speak with one of the officers. He admitted that he and his wife had been using cocaine for approximately four days, the drug allegedly having been left in the home by a former boarder. Hampton then directed police to search his home and to remove any of the "stuff" that had made his wife sick. Police discovered more cocaine and a green colored grinder commonly used to prepare cocaine for ingestion. These items were found together in a drawer in the master bedroom. Apart from these items, in a separate metal cabinet, the officers also found a bag of marijuana and several pipes with marijuana residue. Sometime later, at the hospital, police interviewed Hampton. Hampton repeated his admissions and stated that he had used a green device to prepare the cocaine. At no time did Hampton discuss or admit to the possession of marijuana.
In order to establish constructive possession, the State must prove three elements: *994 1) the accused's dominion and control over the contraband; 2) the accused's knowledge that the contraband is within his or her presence, and 3) the accused's knowledge of the illicit nature of the contraband. S.B. v. State, 657 So.2d 1252, 1253 (Fla. 2d DCA 1995). Although there was sufficient evidence linking Hampton to the cocaine and to the drug paraphernalia (the "green device"), the State presented no evidence linking Hampton to the marijuana. To this extent, Hampton's motion for judgment of acquittal should have been granted.
We note that the trial court denied the renewed motion for judgment of acquittal based upon the testimony of a defense witness.[2] The State, however, may not rely upon evidence adduced by the defense to establish an essential element and, for the purposes of a renewed motion for judgment of acquittal, a trial court may not consider such evidence. See Walker v. State, 604 So.2d 475, 477 (Fla. 1992); Currelly v. State, 644 So.2d 139, 140 (Fla. 2d DCA 1994).
Remanded for further proceedings not inconsistent with this opinion.
RYDER, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] A minor may provide valid third-party consent to a warrantless entry where: 1) the minor shares the home with an absent, nonconsenting adult; 2) the police officer conducting the entry reasonably believes, based on articulable facts, that the minor shares common authority with the parent to allow entry into the home; and 3) by clear and convincing evidence that the minor's consent was freely and voluntarily given under the totality of the circumstances. Saavedra v. State, 622 So.2d 952, 954 (Fla. 1993).
[2] Hampton's wife, a defense witness, testified that Hampton had sole possession of keys to the metal cabinet containing the marijuana and that the pipes therein were his. In denying the renewed motion for judgment of acquittal the trial court relied upon this testimony: THE COURT: I would likewise deny that. To be honest with you, I was very seriously considering Count II, but in light of the testimony of your own witness, I think there's now enough evidence to go to the jury to show exclusive possession on behalf of your client.