748 So.2d 1071 (1999)
Charles James GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3948.
District Court of Appeal of Florida, Fourth District.
December 29, 1999.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Charles James Graham timely appeals after a jury found him guilty of armed burglary with a firearm and grand theft. He argues that the trial court erred in denying his motion for judgment of acquittal as to his armed burglary charge. We agree and reverse.
On August 12, 1997, a burglary occurred at the corporate offices of AT & T Wireless Services. A Primeco cellular telephone and a laptop computer were among the items that were stolen. Graham, a police officer on duty at the time in question, was dispatched to the location. His back-up officers, Sergeant Thompson and Officer Crowley, arrived at the location before Graham. Upon arriving, Thompson observed a hole in the window of the building and smashed out windows.
When Graham finally arrived, he was in full uniform and carrying his firearm. He conducted interviews with AT & T employees, and dusted the area for fingerprints.
Two months later, during a follow-up investigation, another detective discovered that calls were made from the stolen telephone to Graham's pager, as well as to other numbers to which Graham had some connection. When confronted with the detective's findings, Graham admitted that he made those calls; however, he contended that he thought the stolen Primeco telephone belonged to his girlfriend's delinquent son. He said that he must have mistakenly used the stolen telephone while at his girlfriend's residence, as he also had *1072 a Primeco telephone. No arrests were made.
Additional investigation months later revealed the presence of the stolen laptop in the home belonging to Graham's girlfriend. Police also discovered that Graham's own Primeco cellular service was not activated until August 14, 1997 nor used until August 15, 1997. These dates were after he made, allegedly by mistake, the calls on the stolen telephone.
Graham was later arrested and charged with armed burglary and grand theft. At trial, he moved for a judgment of acquittal. He argued the state did not show he possessed a firearm until after the burglary was committed. The court, finding that there was sufficient circumstantial evidence, denied the motion.
The jury convicted him as charged. At sentencing, he renewed his motion for judgment of acquittal and moved for a new trial. He clarified that the proof that he carried the firearm during the burglary was impermissibly based on a stacking of multiple inferences. The court denied his motions and sentenced him accordingly.
An impermissible pyramiding of inferences occurs where at least two inferences in regard to the existence of a criminal act must be drawn from the evidence and then stacked to prove the crime charged; in that scenario, it is said that the evidence lacks the conclusive nature to support a conviction. I.F.T. v. State, 629 So.2d 179 (Fla. 2d DCA 1993). In this case, there was sufficient circumstantial evidence from which the jury could have inferred that Graham committed the burglary. However, the only evidence from which the jury could have inferred that Graham was armed at this time was that 1) he was on duty, and 2) departmental regulations required him to carry a gun while on duty. Thus, convicting Graham of armed burglary necessarily required the jury to combine and pyramid two inferences. We hold that this was improper.
See Collins v. State, 438 So.2d 1036 (Fla. 2d DCA 1983).
Simply put, the state offered no evidence that was inconsistent with Graham's hypothesis of innocence: that he removed the gun before the burglary and then picked it up when he returned to the scene to investigate. However, because there was competent substantial evidence to support a conviction for burglary, see Sales v. State, 652 So.2d 513, 514 (Fla. 4th DCA 1995), we remand the case for resentencing for simple burglary.
REVERSED and REMANDED for resentencing.
KLEIN and STEVENSON, JJ., concur.