781 So.2d 421 (2001)
Gerald KENNEDY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2974.
District Court of Appeal of Florida, Fourth District.
January 24, 2001.
*422 Carey Haughwout, Public Defender, and Jennifer Hixson, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The Defendant appeals his conviction for armed burglary, arguing the trial court erred by denying his motion for judgment of acquittal because the State's evidence was insufficient to support a guilty verdict. We agree.
The State charged the Defendant with four crimes in two different cases, which were tried together. At issue in this case is solely the armed burglary conviction in case number 98-3924. The evidence at trial revealed the following. One night, Mrs. Barber and her son, Mr. Barber, found the Defendant in their home. Mr. Barber chased the Defendant outside where a struggle, in which the Defendant warded off Mr. Barber with a screwdriver, ensued. The police came to investigate the incident. After the police left, the Barbers stayed awake for a while and noticed a bicycle on an adjacent lot. Because Mr. Barber believed the bicycle belonged to the Defendant, he removed the gear chain. The Barbers then went to sleep. Based on these facts, the Defendant was convicted of burglary with an assault or battery in case number 98-3923, a conviction the Defendant does not challenge on appeal.
The evidence presented in case number 98-3924 regarding the second burglary was the following. Mrs. Barber was awakened later that night when she heard the wind chimes sound and the screen door open. Mr. Barber also heard these noises. Because he noticed the light bulb beside the screen door was not lit, Mr. Barber went outside and turned the bulb, and it re-lit. The light bulb was on earlier in the evening, and neither Mr. nor Mrs. Barber had turned off the light. Mr. Barber looked over a wall and saw the Defendant on the adjacent lot, trying to fix the bicycle. Mr. Barber hit the Defendant as he tried to fix the bicycle, and the Defendant grabbed a box cutter razor. When Mr. Barber uttered to the Defendant, "you came back," the Defendant indicated he returned in order to apologize. Mr. Barber questioned why he would unscrew a light bulb if he was returning only to apologize, to which the Defendant responded by apologizing and stating that he has a wife and children. A struggle then ensued among the Defendant, Mr. Barber, and a neighbor. The neighbor was struck with *423 the box cutter razor. The Defendant eventually fled, but was caught by the police shortly thereafter. The Defendant was identified as the person who had previously been inside the Barber home.
The State's case is based on the stacking of inferences. "An impermissible pyramiding of inferences occurs where at least two inferences in regard to the existence of a criminal act must be drawn from the evidence and then stacked to prove the crime charged; in that scenario, it is said that the evidence lacks the conclusive nature to support a conviction." Graham v. State, 748 So.2d 1071, 1072 (Fla. 4th DCA 1999). Here, the jury was required to infer that because the screen door made a noise like it was opening, somebody must have opened it; because the wind chimes sounded, somebody must have walked into them; and because the light bulb, which was lit earlier in the evening, was not lit, somebody must have unscrewed the bulb. In addition, the jury was required to infer that that someone was the Defendant because he was spotted on the adjacent lot immediately after these incidents occurred. Because the Defendant's conviction was based on the impermissible stacking of inferences, we reverse the Defendant's armed burglary conviction and remand.
REVERSED AND REMANDED.
GUNTHER, FARMER and GROSS, JJ., concur.