TAYLOR, J.,
concurring specially.
I agree with the majority’s conclusion that appellant’s conviction should be reversed as a result of the prosecutor’s improper comments on appellant’s failure to respond to his co-defendant’s statements while in custody in the back of the police car. However, I would not base this decision on a violation of appellant’s right against self-incrimination under the Florida Constitution, but rather on our rules of evidence. In my view, the state constitution’s prohibition on the use of a defendant’s silence applies to silence in the face of accusations by, or in the presence of, the police after arrest.
Although the majority correctly points out that in Hoggins, “the defendant’s silence was not a response to police interrogation either, but was instead his only reaction to accusations by the victim of the crime,” Hoggins was handcuffed and being held by the police when he failed to respond to the victim’s identification. At trial, the prosecutor cross-examined Hog-gins, asking him: “You never told them, the police, this story that you just told the jury, did you?” Id. at 763 (emphasis added). As the supreme court noted, “the prosecutor was trying to elicit whether Hoggins told the arresting officers the account of events he had given at trial.” Id. Thus, the court in Hoggins was addressing a situation where the defendant’s post-arrest silence occurred in the presence of the police, not just private persons.[4]
In Hoggins, the supreme court alternatively held that use of the defendant’s silence for impeachment purposes was precluded by Florida’s rules of evidence. Hoggins, 718 So.2d at 770. The court determined that because Hoggins’ silence was not inconsistent with his trial testimo *452 ny, it lacked probative value and was inadmissible under a Rule 403 analysis. See § 90.403, Fla. Stat. (evidence is inadmissible where its probative value is outweighed by the danger of unfair prejudice). The court recognized that “inconsistency between post-arrest silence and an exculpatory statement made by a defendant at trial is difficult to establish,” and that “silence is generally deemed ambiguous.” Id. at 771 (citing United States v. Hale, 422 U.S. 171, 176, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975)). The court explained that “silence is ‘considered evidence of acquiescence only if it would have been natural under the circumstances to object to the assertion in question.’ ” Id. (quoting Hale, 422 U.S. at 176, 95 S.Ct. 2133). According to the court, “the time of arrest is not an occasion when circumstances naturally call upon a defendant to speak out. On the contrary, there are many reasons that a defendant may choose to remain silent.” Id. In Hale, the Supreme Court recounted some of these reasons:
At the time of arrest ... innocent and guilty alike-perhaps particularly the innocent-may find the situation so intimidating that they may choose to stand mute. A variety of reasons may influence that decision. In these often emotional and confusing circumstances, a suspect may not have heard or fully understood the question, or may have felt there was no need to reply. He may have maintained silence out of fear or unwillingness to incriminate another. Or the arrestee may simply react with silence in response to the hostile and perhaps unfamiliar atmosphere surrounding his detention.
Id. (quoting Hale, 422 U.S. at 177, 95 S.Ct. 2133).
Noting the special circumstances in Hoggins’ case-that he was handcuffed and threatened by an accuser who had to be restrained by the police — the court concluded that Hoggins’ silence lacked any probative value and had a great potential for prejudice. Hoggins, 718 So.2d at 771-72. Similarly, in this case, where the defendant was under arrest and confined in the back of a police car, the defendant’s failure to respond to comments made by his co-defendant was more prejudicial than probative.
In Nelson v. State, 748 So.2d 237 (Fla.1999), the supreme court examined the rule of admissions by silence, as codified in section 90.803(18)(b), in the context of a criminal trial. There, the capital murder defendant argued that the trial court erred in admitting testimony about his silence in the face of a co-defendant’s statements regarding his involvement in the murder. In determining whether the defendant’s silence amounted to an admission by silence, the court applied the criteria established by the Fifth District Court of Appeal in Privett v. State, 417 So.2d 805 (Fla. 5th DCA 1982). The fifth district stated that the essential inquiry is whether a reasonable person would have denied a third party’s statement under the circumstances. Id. at 807. Among the six factors listed in Privett was whether “there were no physical or emotional impediments to the person responding.” Nelson, 748 So.2d at 242 (quoting Privett). Under the circumstances of this case, where the defendant had been arrested for a crime and was physically confined in a police vehicle, the physical and emotional impediments were such that his silence was not unreasonable and should not have been taken as an admission by silence.
Given the stringent test in Privett for determining whether silence constitutes an admission by acquiescence, there are probably few post-arrest situations where an accused’s silence will be considered so unreasonable as to be deemed an admission *453 and have sufficient probative value to overcome its potential for prejudice. This is so whether the accused is in or out of custody and whether he is refusing to respond to a member of the press or a member of his own family. However, as noted above, where the accused’s post-arrest silence occurs during interrogation by the police, or while in the presence of law enforcement officials, no inquiry into the surrounding circumstances is necessary, because use of the defendant’s silence in that situation is precluded by our state constitution, as well as our evidentiary rules.

. Furthermore, the focus in Hoggins was on whether the prosecutor's use of the defendant’s post-arrest silence, prior to Miranda warnings, violated the defendant's rights under the state constitution.