DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JAMARLIN HUNTLEY,**
Appellee.

No. 4D19-2332

[January 6, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. 18-3773 CF10A.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellee.

PER CURIAM.

The state appeals an order granting the defendant's motion for judgment of acquittal.[1] To prove the charged offense of child abuse, the state was required to prove that (1) the defendant committed "[a]n intentional act that could reasonably be expected to result in physical or mental injury to" K.H., and (2) that K.H. was under 18. *See* §§ 827.01(2), 827.03(1)(b)2., Fla. Stat. (2017). On the entirely circumstantial evidence before us as to the commission of the act, we cannot conclude that the defendant committed an *intentional* act without impermissibly stacking inferences. *See generally Graham v. State*, 748 So. 2d 1071, 1072 (Fla. 4th DCA 1999) ("An impermissible pyramiding of inferences occurs where

---

[1] The trial court granted the motion for judgment of acquittal after a jury verdict but without polling the jury. We have jurisdiction because "the order of acquittal was granted after the jury had deliberated and returned a verdict to the trial court on all charges." *See State v. Pickersgill*, 284 So. 3d 542, 548 (Fla. 4th DCA 2019), *review denied*, SC19-2142, 2020 WL 3549917 (Fla. June 30, 2020); *see also* Fla. R. Crim. P. 3.450.

at least two inferences in regard to the existence of a criminal act must be drawn from the evidence and then stacked to prove the crime charged; in that scenario, it is said that the evidence lacks the conclusive nature to support a conviction."). In light of *Bush v. State*, 295 So. 3d 179 (Fla. 2020), we are aware that the jurisprudence regarding inference stacking may evolve, but at this point we are bound to follow the dictates of precedent. Accordingly, we affirm.

*Affirmed.*

GROSS, CIKLIN, JJ., and BELL, CAROLYN, Associate Judge, concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**