# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-813
Lower Tribunal No. F18-20697
_____

**Diogenes Santana,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Maria E. Lauredo, Chief Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before EMAS, SCALES and HENDON, JJ.

PER CURIAM.

Affirmed.  See Gonzalez v. State, 306 So. 3d 1124, 1129 (Fla. 3d DCA 2020) ("The standard of review of a trial court's ruling on a motion in limine is abuse of discretion. Such discretion is limited by the rules of evidence, and a trial court abuses its discretion if its ruling is based on an 'erroneous view of the law or on a clearly erroneous assessment of the evidence'") (quoting Patrick v. State, 104 So. 3d 1046, 1056 (Fla. 2012)). See also § 90.803(18)(b), Fla. Stat. (2022) ("The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness: A statement that is offered against a party and is . . . (b) A statement of which the party has manifested an adoption or belief in its truth"); Tresvant v. State, 396 So. 2d 733, 738 (Fla. 3d DCA 1981) (observing that the admissibility of admissions by silence "is based on the rule that a person's silence can constitute an admission where the circumstances and nature of the statement are such that it would be expected that the person would protest the statement if untrue"); Privett v. State, 417 So. 2d 805, 806-07 (Fla. 5th DCA 1982) ("If a party is silent, when he ought to have denied a statement that was made in his presence and that he was aware of, a presumption of acquiescence arises. Not all statements made in the presence of a party require denial. The hearsay statement can only be admitted when it can be shown that in the context in which the

2

statement was made it was so accusatory in nature that the defendant's silence may be inferred to have been assent to its truth. To determine whether the person's silence does constitute an admission, the circumstances and the nature of the statement must be considered to see if it would be expected that the person would protest if the statement were untrue. . . . The essential inquiry thus becomes whether a reasonable person would have denied the statements under the circumstances.") (citations omitted); Nelson v. State, 748 So. 2d 237, 242-43 (Fla. 1999) (adopting the factors, enumerated in Privett, 417 So. 2d at 806-07, to be considered in determining whether acquiescence to the other person's statement did in fact occur: "1. The statement must have been heard by the party claimed to have acquiesced; 2. The statement must have been understood by him; 3. The subject matter of the statement is within the knowledge of the person; 4. There were no physical or emotional impediments to the person responding; 5. The personal make-up of the speaker or his relationship to the party or event are not such as to make it unreasonable to expect a denial; 6. The statement itself must be such as would, if untrue, call for a denial under the circumstances.")