875 So.2d 1271 (2004)
STATE of Florida, Appellant,
v.
Eusebio HERNANDEZ, Appellee.
No. 3D03-1187.
District Court of Appeal of Florida, Third District.
June 16, 2004.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, and Richard L. Polin, Criminal Appeals Bureau Chief, and Mark Rosenblatt, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellee.
Before GODERICH, FLETCHER, and RAMIREZ, JJ.
*1272 RAMIREZ, J.
The State of Florida appeals the trial court's order granting appellee Eusebio Hernandez's Motion to suppress and denying, in part, the State's motion in limine. We treat the notice of appeal as a petition for writ of certiorari and deny the writ, finding that the trial court did not depart from the essential requirements of the law in excluding the co-defendant's out-of-court statements.
Hernandez, along with the co-defendant, was charged with first-degree murder, attempted first-degree murder, conspiracy to commit murder, and causing bodily injury during the commission of a felony. The State alleged that Hernandez hired the co-defendant to murder Hernandez's ex-wife and the ex-wife's then boyfriend.
After the co-defendant's arrest, the police persuaded him to engage in a controlled phone call to Hernandez in an attempt to obtain admissions by Hernandez regarding the offenses. The conversation was taped by the police.
Prior to trial, Hernandez filed a motion to suppress the taped phone conversation on Sixth Amendment grounds since the co-defendant would not testify at trial and thus would not be subject to cross-examination. The phone conversation included information relating to the charged crimes which the State argued was adopted by admissions by Hernandez through his silence and by statements he made in response to the co-defendant's remarks. See, § 90.803(18)(b), Fla. Stat. (2003); Charles W. Ehrhardt, Florida Evidence § 803.18 (2004 ed.). The State responded by filing, in part, a motion in limine which sought a determination as to the admissibility of the controlled phone call.
After a hearing was held on the motions, the trial court, without making any specific findings, granted the motion to suppress and effectively denied the State's in limine request for admission of the taped phone conversation. The trial court determined that it would be wasteful to hold a trial, only to have this Court potentially reverse the ruling on appeal.
The State argues that the trial court erred in granting Hernandez's motion to suppress the controlled phone call between Hernandez and the co-defendant on Sixth Amendment grounds where the co-defendant would not testify at trial and that Hernandez adopted the truth of the statements through his silence or through his own highly incriminating responses. Hernandez's position is that the trial court did not depart from the essential requirements of the law by excluding the co-defendant's out-of-court statements because the admission of those statements at trial would violate the Sixth Amendment confrontation clause.
First, we agree with Hernandez that the State's notice of appeal must be treated as a petition for writ of certiorari. Rule 9.140(c)(1), Florida Rules of Civil Procedure, authorizes the State to seek direct appellate review of an order "suppressing before trial confessions, admissions, or evidence obtained by search and seizure." The non-final pre-trial order being appealed by the State here is not listed in Florida Rule of Appellate Procedure 9.140(c)(1) as an order which may be appealed by the State. Thus, we treat the notice of appeal as a petition for writ of certiorari. However, we deny the petition because the State has failed to demonstrate that the trial court's order is a violation of clearly established law, resulting in a miscarriage of justice. See State v. Pettis, 520 So.2d 250 (Fla.1988).
Under the facts of this case, the trial court's order excluding the co-defendant's out of court statements does not violate a clearly established principle of law, resulting *1273 in a miscarriage of justice. Under Crawford v. Washington, ___ U.S. ___, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), admission of the co-defendant's out-of-court statements at trial would violate the Sixth Amendment Confrontation Clause because Hernandez did not have the opportunity to cross-examine the co-defendant, even if the statements were otherwise admissible into evidence under the hearsay exception for adoptive admissions. As Hernandez points out in his brief, although in Globe v. State, 877 So.2d 663, 2004 WL 524928 (Fla. March 18, 2004), the Florida Supreme Court held that the admission of co-defendant statements as adoptive admissions did not violate the Confrontation Clause, Globe was based on the decision of the United States Supreme Court in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), which was overruled by Crawford. As such, this court is not bound by Globe.
In Crawford, the United States Supreme Court stated that, if it is an out of court statement that is testimonial, the statement does not come in if the defendant does not have a chance to cross-examine it. Crawford, 124 S.Ct. at 1369. The State has conceded that there is no chance for cross-examination of the co-defendant in this case. The Crawford Court further stated:
In this case, the State admitted Sylvia's testimonial statement against petitioner, despite the fact that he had no opportunity to cross-examine her. That alone is sufficient to make out a violation of the Sixth Amendment.... Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation.
Id. at 1374. The United States Supreme Court further noted:
Involvement of government officers in the production of testimony with an eye toward trial presents unique potential for prosecutorial abusea fact borne out time and again throughout history with which the Framers were keenly familiar. This consideration does not evaporate when testimony happens to fall within some broad, modern hearsay exception, even if that exception might be justifiable in other circumstances.
Id. at 1367, n. 7.
Accordingly, the trial court correctly ruled that admission of the co-defendant's out-of-court statements while in police custody would violate the Confrontation Clause. Here, police set up a controlled situation, in the hopes that Hernandez would incriminate himself. As such, because the co-defendant's statements are testimonial under Crawford, admission of those statements at trial would violate the Sixth Amendment Confrontation Clause because Hernandez had no opportunity to cross-examine the co-defendant. Thus, the trial court's order excluding these statements does not violate a clearly established principle of law, resulting in a miscarriage of justice.
The State further claims that the co-defendant's statements come within the adoptive admission exception to the hearsay rule. We disagree. The co-defendant's statements are not admissible as adoptive admissions because the out-of-court statements were the direct product of police officers who directed the co-defendant to make the statements so that Hernandez would incriminate himself and also because the out-of-court statements do not meet the requirements for admission as adoptive admissions.
In Privett v. State, 417 So.2d 805 (Fla. 5th DCA 1982), the Fifth District outlined *1274 the requirements for the adoptive admission exception to the hearsay rule. The court stated,
If a party is silent, when he ought to have denied a statement that was made in his presence and that he was aware of, a presumption of acquiescence arises. Not all statements made in the presence of a party require denial. The hearsay statement can only be admitted when it can be shown that in the context in which the statement was made it was so accusatory in nature that the defendant's silence may be inferred to have been assent to its truth. To determine whether the person's silence does constitute an admission, the circumstances and the nature of the statement must be considered to see if it would be expected that the person would protest if the statement were untrue.
Several factors should be present to show that an acquiescence did in fact occur. These factors include the following:
1. The statement must have been heard by the party claimed to have acquiesced.
2. The statement must have been understood by him.
3. The subject matter of the statement is within the knowledge of the person.
4. There were no physical or emotional impediments to the person responding.
5. The personal make-up of the speaker or his relationship to the party or event are not such as to make it unreasonable to expect a denial.
6. The statement itself must be such as would, if untrue, call for a denial under the circumstances.
The essential inquiry thus becomes whether a reasonable person would have denied the statements under the circumstances.
. . .
Id. at 806-07 (citations omitted). See also Globe v. State, 877 So.2d 663, 2004 WL 524928 (Fla. March 18, 2004); and Nelson v. State, 748 So.2d 237, 243 (Fla.1999).
In the cases cited by the State which admit out-of-court statements as adoptive admissions, the statements were made during conversations the defendant had with other people and there was no police involvement, unlike the facts before us. See Nelson v. State, 748 So.2d 237 (Fla. 1999); Privett v. State, 417 So.2d 805 (Fla. 5th DCA 1982); Tresvant v. State, 396 So.2d 733 (Fla. 3d DCA 1981). Under these circumstances, the trial court's decision not to allow the co-defendant's statements to come within the hearsay exception for adoptive admissions does not violate a clearly established principle of law, resulting in a miscarriage of justice.
In addition, the co-defendant's out of court statements do not meet the requirements for an adoptive admission. A careful reading of the conversation that took place between Hernandez and the co-defendant indicates that there was nothing in the statements made by the co-defendant that were so accusatory in nature that Hernandez's silence could be taken as an assent to its truth. Furthermore, portions of the conversation indicate that Hernandez was not sure what the co-defendant was asking or talking about. In fact, the co-defendant was evidently extorting money from Hernandez, who kept repeating that they should not be talking on the telephone. Thus, two of the requirements for admission of a statement as an adoptive admission, that the statement must have been heard by the party claimed to have acquiesced and that the statement must have been understood by the defendant, were not met.
*1275 Accordingly, admission of the co-defendant's statements at trial would violate the Sixth Amendment confrontation clause because Hernandez had no opportunity for cross-examination, even if the statements were otherwise admissible into evidence under the hearsay exception for adoptive admissions. Furthermore, the trial court's order excluding the co-defendant's out-of-court statements did not violate a clearly established principle of law, as those statements did not come within the adoptive admission exception to the hearsay rule. The petition for writ of certiorari is denied.
Petition denied.