920 So.2d 1151 (2006)
Raquel WOOLIN, Petitioner,
v.
Betti BERNAY f/k/a Betty Goldfarb and Marlene Cohn, Respondents.
No. 3D05-2531.
District Court of Appeal of Florida, Third District.
February 1, 2006.
*1152 HomerBonner and Douglas F. Eaton, Miami, for petitioner.
Concepcion & Associates and Carlos F. Concepcion, Coral Gables, and Elio F. Martinez, Jr., for respondents.
Before FLETCHER, SUAREZ, and CORTIÑAS, JJ.
CORTIÑAS, Judge.
Petitioner, Raquel Woolin, seeks a writ of certiorari to review the trial court's grant of Respondents', Betti Bernay's and Marlene Cohn's, motion for leave to file lis pendens on Raquel Woolin's Miami Beach residence ("subject property"). We grant the writ.
In 1973, a trust was established for Respondents and Martin Woolin, who was appointed trustee. Petitioner and Martin Woolin were subsequently married. Martin Woolin acquired the subject property under his own name but, prior to his death, transferred the property to Petitioner.
After Martin Woolin's death, Respondents allegedly acquired information that revealed that he purchased the subject property with fraudulently-obtained funds from the trust. On August 6, 2002, Respondents filed an amended complaint against Petitioner and the Estate of Martin Woolin, to which Petitioner was the personal representative. The complaint asserted causes of action for (1) an accounting of trust funds, (2) conversion by Petitioner and Martin Woolin of trust funds, and (3) a constructive trust of assets, including the subject property, acquired by Petitioner and Martin Woolin with misappropriated trust funds.
On August 6, 2002, Respondents also filed and recorded a notice of lis pendens relating to the subject property. Petitioner filed an emergency motion to remove the lis pendens from the subject property. Prior to a hearing on the motion, Respondents filed the affidavit of Tony Argiz, a forensic accountant, in an effort to demonstrate the fair nexus necessary to maintain the lis pendens against the subject property. See, e.g., Conseco Servs., LLC. v. Cuneo, 904 So.2d 438 (Fla. 3d DCA 2005)(holding that the proponent of a lis pendens must show a fair nexus between the alleged fraudulent transfer and the real property encumbered by the lis pendens).
On September 19, 2002, a hearing was held before Judge Margarita Esquiroz on Petitioner's emergency motion to remove the lis pendens. Judge Esquiroz discharged the lis pendens, finding that Respondents failed to show either that Petitioner had the ability to make improper distributions from the trust to purchase the subject property, or that Petitioner conspired to fraudulently transfer trust funds. On September 24, 2002, a rehearing was held before Judge Esquiroz. Judge Esquiroz reiterated that Petitioner was "not the person that allegedly mismanaged [the trust funds]" and that it was improper to place a lis pendens on the subject property because of Martin Woolin's alleged fraud. This court, in Bernay v. Woolin, 838 So.2d 691 (Fla. 3d DCA 2003), issued a per curiam affirmance of the trial court's order removing the lis pendens.
*1153 On March 3, 2005, Respondents filed a motion to file another lis pendens on the subject property before Judge Marc Schumacher. In support of their motion, on September 8, 2005, Respondents filed the affidavit of Richard Wester, a forensic accountant investigator and a certified fraud examiner. The affidavit alleged that Martin Woolin and Petitioner diverted trust funds to use toward the purchase of the subject property. However, the affidavit did not point to any specific evidence showing that Petitioner had the authority or ability to assist in the alleged fraudulent transfer of trust funds.
Where, as here, successive appeals are taken in the same case, the law of the case doctrine applies. Florida Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001). The law of the case doctrine, a principle of judicial estoppel, "requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." Juliano, 801 So.2d at 105 (citing Greene v. Massey, 384 So.2d 24, 28 (Fla.1980); Strazzulla v. Hendrick, 177 So.2d 1, 3 (Fla.1965)). Under this doctrine, the trial court is bound to follow prior rulings of the appellate court on "issues implicitly addressed or necessarily considered" by the appellate court so long as the facts on which the appellate court based its decision continue to be the facts of the case. Juliano, 801 So.2d at 106.
In the instant case, the predecessor judge's decision was affirmed by this court in a per curiam opinion joined by all judges on the panel. See Bernay, 838 So.2d at 691. The predecessor judge's decision to remove the lis pendens from the subject property was based on the fact that Respondents failed to demonstrate that Petitioner participated in the alleged conversion of trust funds to purchase the subject property. Likewise, the evidence presented to the successor judge failed to demonstrate that Petitioner took part in the alleged conversion of the trust funds. Since the facts upon which this court initially based its decision to remove the lis pendens essentially remain the facts of this case, the predecessor judge's ruling and this court's previous per curiam affirmance constitute the law of the case. See Greene, 384 So.2d at 27.
Accordingly, we grant the writ of certiorari quashing the trial court's September 29, 2005 order granting Respondents' motion for leave to file lis pendens on the subject property.
Certiorari granted.