PER CURIAM.
We initially accepted review of the decision in Gillis v. State, 930 So.2d 802 (Fla. 3d DCA 2006), based on alleged express and direct conflict with Ripley v. State, 898 So.2d 1078 (Fla. 4th DCA 2005), and West v. State, 876 So.2d 614 (Fla. 4th DCA 2004). Upon further consideration we conclude that jurisdiction was improvidently granted, because these cases are factually distinguishable. The Miami-Dade Police Department’s Miranda[1] rights form at issue in Gillis is substantially and materially different from the Broward County Sheriffs Office’s Miranda rights form at issue in Ripley and West.[2] Accordingly, we hereby discharge jurisdiction and dismiss this review proceeding.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and CANTERO, JJ., concur.
BELL, J., dissents with an opinion.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The text of the Broward County Sheriff’s Office’s Miranda rights form at issue in Ripley and West is found in Roberts v. State, 874 So.2d 1225, 1226 (Fla. 4th DCA 2004). Compare Gillis, 930 So.2d at 805-06, with Roberts, 874 So.2d at 1226.