979 So.2d 1013 (2008)
Eusebio HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-379.
District Court of Appeal of Florida, Third District.
March 5, 2008.
Rehearing Denied April 21, 2008.
*1014 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Douglas J. Glaid, Assistant Attorney General, and Maria T. Armas, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and SALTER, JJ.
*1015 RAMIREZ, J.
Eusebio Hernandez appeals his final judgment of conviction and sentence arising from various charges related to his involvement in the murder of Dulce Diaz, Hernandez's former spouse, and the attempted murder of Jorge Herrera. We affirm the final judgment of conviction because we find no abuse of discretion in the trial court's admission into evidence of portions of a tape-recorded conversation that consisted of Hernandez's own statements, which do not constitute a violation of Hernandez's confrontation rights or the law of the case doctrine; but we remand with instructions that the trial court strike an additional count in its sentencing order consistent with the State's confession of error in this appeal.

1. Factual and Procedural Background

The State charged Hernandez by indictment with first-degree murder, attempted first-degree murder, and conspiracy to commit first-degree murder. By amended information, the State charged Hernandez with attempted first-degree murder with a deadly weapon, and felony causing bodily injury.
Hernandez moved to suppress a taped phone conversation between himself and codefendant Henry Cuesta. He also moved to suppress any transcript prepared from that phone conversation, and or any testimony from any third party concerning the contents of that phone conversation. Hernandez argued that the introduction of the recorded phone conversation between himself and codefendant Cuesta constituted a violation of his right to confront witnesses, even if all statements codefendant Cuesta made were redacted from the taped conversation. The State filed a motion in limine. The trial court granted Hernandez's motion, and denied the State's motion in limine.
The State appealed, arguing that the call contained Hernandez's adoptive admissions, that codefendant Cuesta was unavailable to testify, and that the admission of the call would not violate the Confrontation Clause of the Sixth Amendment. This Court treated the notice of appeal as a petition for writ of certiorari and denied the writ. See State v. Hernandez, 875 So.2d 1271 (Fla. 3d DCA 2004). We concluded that the trial court did not depart from the essential requirements of the law when it excluded codefendant Cuesta's out-of-court statements. Id. at 1273-74. Consistent with the United States Supreme Court's decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), we determined that the admission of Cuesta's statements violated the Sixth Amendment Confrontation Clause because Cuesta's statements were testimonial in nature and Hernandez had no opportunity to cross-examine codefendant Cuesta. Hernandez, 875 So.2d at 1273.
Furthermore, this Court held in Hernandez that codefendant Cuesta's statements were not admissible as adoptive admissions, reasoning that the out-of-court statements were the direct product of police officers who directed codefendant Cuesta to make the statements so that Hernandez would incriminate himself, and the statements did not meet the requirements for admission as adoptive admissions. Id. at 1274.
The State appealed further. After granting the States petition for discretionary review, see State v. Hernandez, 894 So.2d 972 (Fla.2005), the Florida Supreme Court discharged jurisdiction. See State v. Hernandez, 911 So.2d 95 (Fla.2005).
On remand, the State argued that if codefendant Cuestas statements were redacted from the telephone conversation, *1016 the remaining statements of Hernandez would be admissible as statements of a party-opponent. Defense counsel argued that this issue already had been ruled on by the predecessor trial judge and by this Court, that the entire telephone conversation had been suppressed in those prior proceedings, and that re-litigation of the issue was barred by the law of the case doctrine. The State sought to prove that Hernandez hired codefendant Cuesta to kill Diaz and Herrera.
The trial court eventually ruled, over defense objection, that the redacted telephone conversation was admissible. The redacted tape then was played for the jury while the jury read along from a transcript that contained a translation of the tape. The redacted tape, as reflected in the transcript, indicated that Hernandez received a phone call during which he incriminated himself. During closing argument, the State urged the jury to consider the taped telephone conversation as the crucial link between Hernandez and codefendant Cuesta. The jury returned its verdict finding Hernandez guilty on: count 1 for the first-degree murder of Diaz; count 2 for the attempted first-degree murder of Herrera; and on count 3 for conspiracy to commit the first-degree murder of Diaz and Herrera.

2. Discussion

The issue before us is whether the trial court properly admitted Hernandez's statements from the redacted tape-recorded conversation between himself and codefendant Cuesta. We conclude that the trial court correctly admitted into evidence Hernandez's own statements.
The admissibility of evidence lies within the sound discretion of the trial court. Ray v. State, 755 So.2d 604, 610 (Fla.2000); Council v. State, 691 So.2d 1192, 1194 (Fla. 4th DCA 1997). The trial court's discretion is broad, and the decision to admit evidence will not be reversed unless there is a clear abuse of discretion. Ray, 755 So.2d at 610. We could find no abuse of discretion in the trial court's decision to admit Hernandez's statements.
The trial court did not abuse its discretion in admitting into evidence Hernandez's statements because the admission of those statements did not violate the Confrontation Clause. See Preston v. State, 641 So.2d 169, 171 n. 4 (Fla. 3d DCA 1994). Hernandez's statements were admissible as admissions under the evidence code. See State v. Elkin, 595 So.2d 119 (Fla. 3d DCA 1992). In Hernandez, 875 So.2d 1271 (Fla. 3d DCA 2004) this Court upheld the exclusion of codefendant Cuesta's statements and discussed Globe v. State, 877 So.2d 663 (Fla.2004). Hernandez, 875 So.2d at 1273. In Globe, the Florida Supreme Court held that that the admission of codefendant statements as adoptive admissions did not violate the Confrontation Clause. Globe v. State, 877 So.2d 663 (Fla. 2004). In Hernandez, we declined to rely upon Globe because it was based on Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) which was subsequently overruled by Crawford. Hernandez, 875 So.2d at 1273.
In the Florida Supreme Court's decision in Globe, upon which we now rely, the Florida Supreme Court discusses Crawford. Globe, 877 So.2d at 672-73. It held that "admissions by acquiescence or silence do not implicate the Confrontation Clause." Id. at 672. Accordingly, based on Globe, it is now clear that it would have been permissible for the trial court to admit into evidence any statements by codefendant Cuesta that qualified as adoptive admissions by Hernandez. See § 90.803(18)(b), Fla. Stat. (reciting hearsay exception for "statement that is offered against a party and is: . . . [a] statements *1017 of which the party has manifested an adoption or belief in its truth").
Hernandez also argues that the law of the case doctrine barred the admission into evidence of any portion of the tape-recorded conversation. Under the law of the case doctrine, "questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001); Woolin v. Bernay, 920 So.2d 1151, 1153 (Fla. 3d DCA 2006). "[T]he trial court is bound to follow prior rulings of the appellate court on `issues implicitly addressed or necessarily considered' by the appellate court so long as the facts on which the appellate court based its decision continue to be the facts of the case." Id. at 1153.
We do not agree that the law of the case doctrine is applicable and barred the admission into evidence of Hernandez's statements. In the prior appeal, this Court upheld the exclusion of the tape solely because it contained the statements of the non testifying codefendant Cuesta. The opinion never discussed nor decided the admissibility of a redacted version of the telephone conversation between codefendant Cuesta and Hernandez. Likewise, the issue involving the admissibility of Hernandez's statements, if codefendant Cuesta's statements were redacted from the tape-recorded conversation, was not one which this Court implicitly addressed or necessarily considered in State v. Hernandez, 875 So.2d 1271 (Fla. 3d DCA 2004).
We recognize that in the reply brief in the certiorari proceeding, the State argued that "separate and apart from the question of adoptive admissions, and [sic] statements by Hernandez constitute qualifying admissions in their own right." There is no inconsistency between that argument and this Court's opinion, because this Court's opinion addressed only the exclusion of codefendant Cuesta's statements.
We turn now to the issue of whether the trial court erred when it sentenced Hernandez. The trial court orally sentenced Hernandez on count 1 to life imprisonment with a twenty-five year mandatory minimum for Diaz's murder; on count 2 to thirty years imprisonment for the attempted murder of Herrera which was to run consecutive to count 1; and on count 3 to thirty years imprisonment on the conspiracy to commit first-degree murder which was to run consecutive to the other two terms of imprisonment.
The trial court thereafter entered a written order of judgment in which it adjudicated Hernandez guilty of: count 1, first-degree murder of Diaz; count 1, attempted first-degree murder of Herrera as set forth in the information; count 2, attempted first-degree murder of Herrera as set forth in the indictment; and count 4, conspiracy to commit first-degree murder as set forth in the indictment.
In its written sentencing order, the trial court imposed the following sentences: on count 1, life imprisonment with a twenty-five year minimum mandatory sentence for the first-degree murder of Diaz; count 1, thirty year sentence for the attempted first-degree murder of Herrera as set forth in the information; count 2, thirty year sentence for the attempted first-degree murder of Herrera as set forth in the indictment; and count 4, thirty year sentence for conspiracy to commit first-degree murder. The trial court further ordered that the sentence for count 1 of the information run consecutive to the sentence for count 2 of the indictment; and the sentence for count 4 of the indictment run consecutive to the sentence imposed for count 1 of the information.
*1018 We agree with Hernandez that the trial court committed error when it pronounced sentence. As the State properly concedes, the trial court incorrectly sentenced Hernandez to an additional count of attempted first-degree murder of Herrera.

3. Conclusion

We thus conclude that the trial court did not abuse its discretion in admitting into evidence portions of the tape-recorded conversation between Hernandez and codefendant Cuesta that consisted solely of Hernandez's own statements. Therefore, we affirm Hernandez's final judgment of conviction. We remand to the trial court, however, with instructions that the trial court strike an additional count in its sentencing order consistent with the State's concession of error in this appeal.
Affirmed in part and reversed in part.