COPE, J.
 

 Collies J. Robinson appeals his convictions on two counts of first-degree murder, one count of attempted first-degree murder, one count of possession of a firearm by a convicted felon, and one count of use of a firearm while committing a felony. We affirm.
 

 Defendant-appellant Robinson maintains that his initial consensual encounter with the police evolved into an arrest without probable cause, triggering a Fourth Amendment violation. He argues that his confession should be suppressed. We disagree.
 

 The defendant called the police, saying that he was wanted on murder charges and wanted to turn himself in. Police officers went to the defendant’s location to pick him up, handcuffed him, and put him in the rear seat of the police car. While trying to contact the responsible detective to determine where to deliver the defendant, the defendant suffered a panic attack. Fire Rescue was called and treated the defendant. Eventually the transportation officer took the defendant to police headquarters where the defendant was placed in an interview room and the handcuffs were removed.
 

 It turned out that the defendant was incorrect in believing that he was wanted on homicide charges. The detective who investigated the two murders had circulated a memo that the detective wanted to question the defendant. However, no formal charges had actually been filed.
 

 The defendant argues that turning himself in amounted to a consensual encounter which was transformed into an arrest when he was handcuffed and placed in the back of the police car. Further, by the time the Fire Rescue treatment ended and the defendant was delivered to the police station, some two and one-half hours had expired. The defendant maintains that this amounted to an illegal arrest and that his confession should be suppressed as the product of an illegal detention.
 

 
 *89
 
 We agree with the trial court in rejecting this argument. The defendant himself told the dispatcher that he was wanted on murder charges and wanted to turn himself in. It was entirely reasonable for the officers, in reliance on what the defendant had said, to transport him in handcuffs. The defendant never asked the officers to verify that there were pending charges. In his sworn statement at the station (quoted later in this opinion), the defendant confirmed that he had voluntarily turned himself in. This case is similar to
 
 Simmons v. State,
 
 934 So.2d 1100, 1118-14 (Fla.2006). We affirm the denial of the motion to suppress the confession on authority of that case.
 

 The defendant argues that the Miami-Dade County Police Department Miranda
 
 [1]
 
 warning form is inadequate. We disagree. This court has previously rejected the identical arguments that the defendant advances in this case.
 
 Gillis v. State,
 
 930 So.2d 802, 805-07 (Fla. 3d.DCA 2006),
 
 review denied,
 
 959 So.2d 194 (Fla.2007).
 

 The defendant argues that evidence was admitted against him at trial which violated
 
 Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We reject that argument. When the detectives arrived at the interview room, they administered
 
 Miranda
 
 warnings and interviewed the defendant. After he admitted his involvement in the homicides, the detectives again administered
 
 Miranda
 
 warnings and took a formal statement in front of a court reporter, which was also videotaped. After a few questions, the defendant .stated that he wanted to withdraw his previous statements. The detectives then asked about the details of his earlier unrecorded statement. The following is a portion of the questioning:
 

 DETECTIVE GUNNELLS: You also called the police department earlier—
 

 THE WITNESS: And I said — because I knew there was a warrant out for me so I wanted to turn myself in.
 

 DETECTIVE GUNNELLS: —and stated that you were involved in these homicides and provided specific—
 

 THE WITNESS: No, I state that — I stated that I wanted to turn myself in prior to the warrants and it’s on the recording that I did say those things.
 

 [[Image here]]
 

 DETECTIVE GUNNELLS: Is it true that you stated that this homicide was a result of over $10,000 that was taken from you by these victims?
 

 THE WITNESS: The statement I made was false.
 

 DETECTIVE GUNNELLS: Is it true that you also said that the money was left at the victims’ residence while you laid low after you came across this money with David Brown?
 

 THE WITNESS: The statement I made was false.
 

 DETECTIVE BUTCHKO: But did you make those statements, even though now you’re saying now they’re false?
 

 THE WITNESS: Yes. It was a lie, though.
 

 [[Image here]]
 

 DETECTIVE GUNNELLS: Okay. Because the questions that I’m asking you would — the normal reply would be yes or no. Now, what I’m going over is the last hours that we spent going over the details of this homicide.
 

 THE WITNESS: And I feel you on that and I respect that.
 

 DETECTIVE GUNNELLS: Okay.
 

 
 *90
 
 THE WITNESS: But my statements is false. Every statement that’s on that paper, every statement that’s been wrote these past few hours, everything that’s been said is false, completely false. It has no truth in it.
 

 [[Image here]]
 

 [DETECTIVE BUTCHKO:] Q Has anybody threatened or coerced you in any way to give this statement?
 

 A No. The statement — like I said, the statement I gave was false but, no, nobody coerced me, nobody threatened me, nobody beat me up, nobody did none of the above, you know. I just made up the statement that was false.
 

 [[Image here]]
 

 DETECTIVE GUNNELLS: Can you explain why you would know the details of this homicide?
 

 THE WITNESS: I’m a psychic.
 

 DETECTIVE GUNNELLS: Okay. Thank you.
 

 The defendant argues that the detectives’ questions amounted to factual assertions about what the defendant had said previously in the unrecorded interview. The defendant argues that the detectives’ questions amounted to testimonial assertions for purposes of
 
 Crawford.
 
 Detective Gunnells testified at trial and Detective Butchko did not.
 

 The
 
 Crawford
 
 decision addresses the Confrontation Clause test for admissibility of out-of-court testimonial witness statements. 541 U.S. at 68, 124 S.Ct. 1354. In this case the officers asked interrogation questions. The defendant has not offered any authority for the proposition that a police officer’s questions amount to testimonial statements for purposes of
 
 Crawford.
 
 We therefore reject the
 
 Crawford
 
 argument.
 
 [2]
 
 ,
 
 [3]
 

 Affirmed.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [2]
 

 . If it is assumed arguendo that these questions amounted to testimonial statements for purposes of
 
 Crawford,
 
 the defendant would not be entitled to any relief. Detective Gunnells did testify at trial,
 
 see Crawford,
 
 541 U.S. at 53-54, 124 S.Ct. 1354, and the questions asked by Detective Butchko are indistinguishable from those asked by Detective Gunnells. Furthermore, the questions were admissible adoptive admissions.
 
 See Hernandez v. State,
 
 979 So.2d 1013, 1016-17 (Fla. 3d DCA 2008). The defendant in each instance adopted the truth of what the detective had said, i.e., the defendant admitted in each instance that he had made the earlier statement. The defendant went on to say that his previous statements were false-but this disavowal does not change the fact that the defendant admitted making the earlier statements.
 

 [3]
 

 . Outside the context of
 
 Crawford,
 
 it has been held that a police interview should be redacted where the interrogating detective made prejudicial statements of fact and personal belief about the guilt of the defendant, which were not adopted or admitted by the defendant.
 
 Mohr v. State,
 
 927 So.2d 1031, 1034 (Fla. 2d DCA 2006);
 
 Pausch v. State,
 
 596 So.2d 1216, 1219 (Fla. 2d DCA 1992). No such statements were made here.