PER CURIAM.
Petitioner, the State of Florida, seeks certiorari review of a Seventh Judicial Circuit Court order denying the State’s motion to introduce similar fact evidence in cases against Robert Tameris.[1] We agree that trial court departed from the essential requirements of the law in ruling the evidence inadmissible, and grant the petition.
Tameris is charged by information in two separate cases, Volusia County Circuit Court case numbers 2009-35625-CFAES and 2010-31317-CFAES, with two counts of unlawful sexual activity with a minor, in violation of section 794.05, Florida Statutes. In ease number 2009-35625-CFAES, the time of the charged sexual activity was between September 2007 and March 2008, when the victim was sixteen years of age and Tameris was forty-two years of age. In ease number 2010-31317-CFAES, the timing of the charged sexual activity was between July 2008 and September 2008, beginning when the victim was sixteen years of age and Tameris was forty-two years of age. The victim in the second case turned seventeen on August 16, 2008.
The State filed a notice of similar fact evidence pursuant section 90.404(2)(c), Florida Statutes, and Williams v. State, 110 So.2d 654 (Fla.1959). The motion related to each victim (with the State seeking to call the victim in the first case as a witness in the second case, and victim in the second case as a witness in the first), and to five other young women, three of whom were adults at the time of their alleged sexual encounters with Tameris. Following an evidentiary hearing on the State’s motion, the State withdrew its motion with respect to the three adult witnesses. The trial court found the testimony of all other proffered witnesses to be “strikingly similar” in all material respects, and that the testimony would normally qualify for admission under Williams. See also McLean v. State, 934 So.2d 1248 (Fla.2006) (discussing factors to consider when determining admissibility of similar fact evidence in this context). These findings are supported by the evidence.
However, the court ruled the evidence inadmissible, reasoning that it would be irrelevant to any material issue in a case involving sex with a minor charged under section 794.05, where the only issues are the age of the victim and whether the sex acts took place at all. The court reasoned that neither motive, opportunity, intent, preparation, plan, knowledge, identity, nor absence of mistake or accident would be material issues at trial — and that the evidence could not be admitted solely to corroborate a victim’s testimony that sexual activity occurred or to rebut an express or implied argument that a victim’s account was fabricated. This ruling was clearly in error. McLean, 934 So.2d at 1258 (“evidence of a collateral act of child molestation is relevant under the Williams rule to corroborate the victim’s testimony in both familial and non-familial child molestation cases”); Bruce v. State, 44 So.3d 1225, 1229 (Fla. 5th DCA 2010) (“the similar fact evidence was relevant to corroborate the victim’s testimony and rebut [a] claim of fabrication. Admitting similar fact evidence for this purpose has been addressed by a number of courts ... ”); see also, § 90.404(2)(b)l., Fla. Stat. (2010) (“evidence of the defendant’s commission of other crimes, wrongs, or acts of child mo *621 lestation is admissible, and may be considered for its bearing on any matter to which it is relevant”).[2]
Accordingly, we grant the petition and quash the challenged order. In doing so, we note that we have only addressed the issue of law upon which the trial court erroneously based its ruling. In future proceedings, the trial court may still address “whether the evidence is needlessly cumulative of other evidence bearing on the victim’s credibility,” and must “guard against allowing the collateral-crime testimony to become a feature of the trial.” McLean, 934 So.2d at 1262.
PETITION GRANTED; ORDER QUASHED.
LAWSON, EVANDER and COHEN, JJ., concur.

. Certiorari review is appropriate under these circumstances. See State v. Gerry, 855 So.2d 157, 159 (Fla. 5th DCA 2003) (“when the state seeks certiorari review of the trial court’s pretrial order excluding one of its witnesses from testifying at trial, certiorari review is appropriate because the state has no right to a direct appeal in the event the defendant is acquitted”) (citations omitted).

. We agree with the State that section 90.404(2)(b)l. applies in these cases to the testimony of the proffered witnesses who were sixteen at the time when, according to their testimony, they had sex with Tameris. The trial court reasoned that 90.404(2)(b) did not apply because the State had not charged Tameris with "child molestation" as defined in section 90.404(2)(b)2. The State correctly argues that the plain language of the statute applies where the proffered witness provides "evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation ...” irrespective of whether the state filed a "child molestation" charge in the case. Cf. Pulcini v. State, 41 So.3d 338 (Fla. 4th DCA 2010) (applying section 90.404(2)(b) to similar fact evidence in a prosecution under section 794.05). Section 90.404(2)(b)2. defines "child molestation as "conduct proscribed” by s. 794.011, s. 800.04, or s. 847.0135(5) when committed against a person 16 years of age or younger.” The statute does not, however, require that the defendant be “charged” under these sections.