GERBER, J.
The state petitions for a writ of certiora-ri directed to the circuit court’s non-final order sustaining the defendant’s objection to the state’s notice of intent to offer Williams rule evidence in two cases.[1] The state argues that the court departed from the essential requirements of the law by: (1) improperly applying the standard for admission of inextricably intertwined evidence; and (2) failing to properly apply the seminal case for the admission of Williams rule evidence in child molestation cases, McLean v. State, 984 So.2d 1248 (Fla.2006). We agree with the state and grant the petition.
In one case, the state charged the defendant with lewd or lascivious molestation of his daughter, A.S. In another case, the state charged the defendant with one count of sexual battery while in a position of familial authority or custodial authority and two counts of lewd or lascivious molestation of his stepdaughter, M.H. In each case, the state filed its notice of intent to offer the alleged incidents from the other case as Williams rule evidence. The defendant objected to the state’s notice.
The court conducted an evidentiary hearing at which both M.H. and A.S. testified. M.H. was twenty-two years old at the time of the hearing. She testified that when she was eleven or twelve years old, the defendant molested her on various occasions. According to M.H., when her mother was not at the residence, the defendant would enter her room at night while she was sleeping. On one occasion, he tried to pull off her shorts. On a second occasion, he touched her breasts and vagina, took off her clothes, and penetrated her vagina with his finger. On a third occasion, he touched her breasts and vagina, took off her clothes, and penetrat *215 ed her vagina with his penis. She did not tell anyone about the incidents at the time. Instead, she asked her mother to let her live with other relatives. She reported the incidents years later. However, she denied talking to A.S. about the incidents.
A.S. was thirteen years old at the time of the Williams rule hearing.- She testified that when she was eleven years old, she would stay weekends with the defendant, who was separated from her mother. During one visit, the defendant entered her room at night while she was sleeping. He touched her breasts and vagina. He tried to remove her underwear, but she prevented him from doing so by squeezing her legs together tightly. The next day, she told her mother and grandmother about the incident. She testified this was the only incident in which the defendant molested her. She also testified that M.H. told her about the earlier incidents before the defendant touched her.
After the hearing, the circuit court entered a written order sustaining the defendant’s objection. The order stated, in pertinent part:
Victim [M.H.] described various sexual acts done several years earlier on different dates, the last of which occurred in sixth or seventh grade. She is 22 now, and the allegations were made years after they are alleged to have last occurred in 2004.
The Defendant was accused in 2011 by victim [A.S.], who was 13 when she testified at the Williams Rule hearing. She testified there was only one incident and that it occurred while staying at her father’s residence during a weekend, during which she was touched by her father under her panties with his hand. The Court finds that the evidence of each incident was unnecessary to describe the charged acts, provide an intelligent account of the charged crimes, establish the context of the charged offenses, or describe the events leading up the offenses as to the other alleged victim. The Court also finds that this temporal break rendered the evidence related to each victim unnecessary to fully explain the charged conduct as to the other victim, that identity is not an issue, that the similarity between the facts alleged as to each victim are not sufficient to be relevant, arid that the prejudicial effect of the other crimes alleged substantially outweighs its probative value. See McLean v. State, 934 So.2d 1248 (Fla.2006).
This petition followed. The state argues that the circuit court departed from the essential requirements of the law by: (1) improperly applying the standard for admission of inextricably intertwined evidence; • and .(2) failing to properly apply McLean.
We agree with the state. To obtain certiorari relief from a pretrial eviden-tiary ruling, the state must show that the ruling was a violation of a clearly established principle of law resulting in a miscarriage of justice. See State v. Pettis, 520 So.2d 250, 254 (Fla.1988) (“While some pretrial evidentiary rulings may qualify for certiorari, it must be remembered that the extraordinary writ is reserved for those situations where there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.”) (citation and quotations omitted); State v. Sealy-Doe, 861 So.2d 530, 531 (Fla. 4th DCA 2003) (‘We have the authority to grant such a writ where the state establishes a violation of a clearly established principle of law, resulting in a miscarriage of justice, if the pretrial ruling substantially impairs the state’s ability to bring its case.”) (citing Pettis).
*216 Here, the state has met this burden. The circuit court’s first finding appears to use language mirroring the definition of “inextricably intertwined” evidence. See Ward v. State, 59 So.3d 1220, 1222 (Fla. 4th DCA 2011) (“Evidence is ‘inextricably intertwined’ if it is necessary to (1) adequately describe the deed; (2) provide an intelligent account of the crime(s) charged; (3) establish the entire context out of which the charged crime(s) arose; or (4) adequately describe the events leading up to the charged crime(s).”) (citation omitted). However, neither party argued the “inextricably intertwined” evidence definition to the court, and the “inextricably intertwined” evidence definition is not the clearly established law applying to this type of issue.
The clearly established law applying to this type of issue is section 90.404(2)(b)l., Florida Statutes (2011), as interpreted by our supreme court in McLean. The statute provides: “In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant’s commission of other crimes, wrongs, or acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant.” § 90.404(2)(b)l., Fla. Stat. (2011).
In McLean, the supreme court explained the steps which a court should take when deciding whether to admit evidence under the statute. 934 So.2d at 1262. The court first must find that the state proved the other molestations by clear and convincing evidence. Id. The court then must assess whether the probative value of the other molestations is substantially outweighed by the danger of unfair prejudice. Id. In making that assessment, the trial court should evaluate:
(1) the similarity of the [other] acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the [other] acts to the act charged; (3) the frequency of the [other] acts; and (4) the presence or lack of intervening circumstances.
Id. This list is not exclusive, and the trial court should consider other factors unique to the case. Id. The trial court also “must determine whether the evidence of the [other] acts will confuse or mislead jurors by distracting them from the central issues of the trial.” Id. Also necessary is an assessment whether the evidence is needlessly cumulative of other evidence bearing on the victim’s credibility, and the purpose for which this evidence may be introduced. Id.
Here, although the circuit court ended its order by citing McLean, it does not appear from the court’s order that it followed the steps of McLean in deciding whether to admit the evidence under the statute. The court did not express whether: (1) the state proved the other molestations by clear and convincing evidence; (2) the evidence of other acts would confuse or mislead the jurors by distracting them from the central issues of the trial; or (3) the evidence would be needlessly cumulative of other evidence bearing on the victim’s credibility. Although the court’s second finding contains words which arguably resemble McLean’s four-factor list, the court’s lack of detail supporting its second finding, in addition to the three omissions described above and the court’s improper application of the “inextricably intertwined” evidence definition in its first finding, casts doubt on whether the court conducted its evaluation in the manner which McLean requires.
Thus, we conclude that the circuit court’s improper application of the “inextricably intertwined” evidence definition, in addition to the court’s lack of adherence to *217 the steps of McLean, violates the clearly established principle of law founded in McLean. That violation results in a miscarriage of justice to the state. It would substantially impair the state’s ability to bring its case because the state’s case appears to rest solely on the credibility of the two alleged victims.
Based on the foregoing, we grant the state’s petition. We remand for the trial court to follow the steps of McLean in deciding whether to admit the state’s Williams rule evidence. See State v. Tameris, 54 So.3d 619, 621 (Fla. 5th DCA 2011) (quashing a circuit court’s order denying the state’s motion to introduce similar fact evidence of unlawful sexual activity with a minor, but remanding to permit the court to address other McLean factors in future proceedings).

Petition granted.

MAY, C.J., and TAYLOR, J., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).