PER CURIAM.
The state appeals an order granting the defendant’s motion in limine and excluding a video recording of a drug transaction. We treat the appeal as a petition for writ of certiorari[1] and grant the petition.
The defendant was charged with possession of cocaine with intent to deliver or sell. The defendant filed a motion in li-mine seeking to exclude a video of the drug transaction involving the defendant and a confidential informant on the grounds that it was testimonial evidence inadmissible under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The trial court granted the motion and excluded the video.
“To obtain certiorari relief from a pretrial evidentiary ruling, the state must show that the ruling was a violation of a clearly established principle of law resulting in a miscarriage of justice.” State v. Sandoval, 125 So.3d 213 (Fla. 4th DCA 2013).
In Crawford, the United States Supreme Court held that out-of-court testimonial statements by a witness are barred under the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. While Crawford did not establish a precise definition for the term “testimonial,” the Court provided some guidance, holding that, at a minimum, statements are testimonial if the declarant made them “at a preliminary hearing, be *239 fore a grand jury, or at a former trial; and [during] police interrogations.” 541 U.S. at 68, 124 S.Ct. 1354. A statement is also testimonial if it was “made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.” Id. at 52, 124 S.Ct. 1354 (citation omitted). In Davis v. Washington, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), the Supreme Court elaborated that statements are “testimonial” when “the primary purpose of [an] interrogation is to establish or prove past events potentially relevant to later criminal prosecution.”
In the instant case, the exclusion of the video violated a clearly established principle of law resulting in a miscarriage of justice. The video does not involve a statement made after the crime to prove a past event. Rather, the video depicts the criminal act itself. Thus, it is not testimonial, and Crawford is not implicated. See Davis, 547 U.S. at 826-27, 126 S.Ct. 2266 (holding that 911 tape describing events as they were actually happening was not testimonial and not violative of Crawford); United States v. Underwood, 446 F.3d 1340, 1347 (11th Cir.2006) (holding that recorded conversations between codefen-dant and confidential informant for the purchase of cocaine were not testimonial).
Accordingly, we grant the petition, quash the trial court’s order, and remand for further proceedings consistent with this opinion.

Petition granted.

WARNER, GROSS and LEVINE, JJ., concur.

. See McPhadder v. State, 475 So.2d 1215 (Fla. 1985) (stating that review of an order striking an electronic recording of statements made by an informant was permitted only by petition for writ of certiorari); State v. Hernandez, 875 So.2d 1271 (Fla. 3d DCA 2004) (treating state's appeal of an order suppressing a recording of a controlled phone call as a petition for certiorari).