EN BANC

Kuntz, J.
The defendant appeals his conviction of felony murder in the first degree, felony murder in the second degree, and attempted armed robbery. He raises eight argu- *384 merits on appeal, and we affirm without further comment as to the first seven arguments. We address the defendant’s eighth argument en banc to recede from Ripley v. State, 898 So.2d 1078 (Fla. 4th DCA 2004), and West v. State, 876 So.2d 614 (Fla. 4th DCA 2004).
For his eighth argument, the defendant states the trial court erred in failing to suppress his statement when law enforcement failed to advise him of his right to stop the interrogation at any time. This argument lacks merit according to binding authority from the United States Supreme Court and our Florida Supreme Court. To the extent our decisions in Ripley v. State, 898 So.2d 1078 (Fla. 4th DCA 2004), and West v. State, 876 So.2d 614 (Fla. 4th DCA 2004), conflict with that binding authority, we recede from those cases. The Miranda warning in this case sufficiently advised the defendant of his rights, which implicitly included the right to stop questioning. We affirm the defendant’s convictions.

Background

The defendant states that the following facts are undisputed and, for purposes of this opinion, we accept the characterization: “Duane Myrie and Oneil Mignott lived at a warehouse and at some point in time on January 21, 2011 James Rutledge and [the defendant] were present at the warehouse. [The defendant] was not armed. At some point in the warehouse, Mignott shot Rutledge and Rutledge shot Mignott. Mignott and Rutledge both died as the result of the shooting.”
Ultimately, the defendant was detained by the Broward Sheriffs Office. Before being questioned, he was advised of his rights in a recorded interview as follows:
Officer: Okay. All right. So I’m gonna go ahead and read this from this prepared text. All right. Before I ask you any questions, I want to advise you of your constitutional rights.
Officer: You have the right to remain silent; do you understand?
Defendant: (Nods head.)
Officer: Yes or no?
Defendant: Yes.
Officer: Okay. Anything you say can be—can be used against you in a court of law; do you understand?
Defendant: Yes.
Officer: Okay. You have the right to talk with an attorney present prior to and during any questioning, if you wish; do you understand?
Defendant: Yes.
Officer: Yes or no?
Defendant: Yes, sir.
Officer: Okay. All right. If you can’t afford an attorney, one will be appointed to—to represent you before any questioning, if you wish; do you understand? Defendant: Yes, sir.
Officer: Okay. Knowing and understanding each of your rights, as I’ve explained them to you, are you willing to answer my questions without an attorney present?
Defendant: Yes, sir.
Before trial, the defendant filed a motion to suppress his confession, arguing the officer’s recitation of his rights failed to satisfy the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The court held a hearing and denied the motion to suppress in a four-page written order.
After a jury trial and conviction, the defendant timely appealed.

Analysis

In 1966, the United States Supreme Court issued its opinion in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and established four warnings that are required prior to ques *385 tioning when a person has been “taken into custody or otherwise deprived of his freedom of action in any significant way.” Stansbury v. California, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994). Specifically, “[A suspect] must be warned prior to any questioning [1] that he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.” Florida v. Powell, 559 U.S. 50, 59-60,130 S.Ct. 1195,175 L.Ed.2d 1009 (2010) (quoting Miranda, 384 U.S. at 479, 86 S.Ct. 1602).
Since its issuance, “Miranda has become embedded in routine police practice to the point where the warnings have become part of our national culture.” Dickerson v. United States, 530 U.S. 428, 444, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000). While the four required warnings have become embedded in police practice, the specific words used vary and the Supreme Court “has not dictated the words in which the essential information must be conveyed.” Powell, 559 U.S. at 60, 130 S.Ct. 1195; see also California v. Prysock, 453 U.S. 355, 359, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981); Rhode Island v. Innis, 446 U.S. 291, 297, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). Consistent with those holdings, Judge Gross has explained that “the law is flexible in the form that Miranda warnings are given, but rigid as to their required content.” West, 876 So.2d at 616 (Gross, J., concurring) (emphasis added).
This case presents a question as to the required content. The defendant argues that his statement to the police should have been suppressed because he was not advised that he had the right to stop questioning at any time during the interrogation. To support his argument, the defendant quotes Ripley where we stated:
The warning then in use did not advise Ripley that he was entitled to have counsel present during questioning or that he could stop the interrogation at any time during questioning. We have previously held that this form is legally inadequate to comply with the requirements of Miranda.
Ripley, 898 So.2d at 1081 (emphasis in original). Similarly, in West, we held that the defendant “was not informed that she was entitled to have counsel present during interrogation or that she could stop the interrogation at any time.” West, 876 So.2d at 616.
Subsequently, the Third District took “a very different view” and “conclude[d] that, because the Miranda form used informs the accused that he/she does not have to answer any questions posed by the officer, implicit in this warning is the fact that the accused may invoke his right to remain silent at any time during the interrogation or to terminate further questioning during the interrogation.” Gillis v. State, 930 So.2d 802, 806 (Fla. 3d DCA 2006). The Florida Supreme Court initially accepted review of Gillis, later discharging jurisdiction as improvidently granted based upon differences in the specific Miranda forms at issue in Gillis, Ripley, and West. Gillis v. State, 959 So.2d 194 (Fla. 2007). In a dissent from the discharge of jurisdiction, Justice Bell noted that Ripley and West “expressly and directly conflict with this Court’s decision in Brown....” Id. at 195 (citing Brown v. State, 565 So.2d 304, 305 (Fla. 1990)).
Although not cited in Ripley, West, or Gillis, Justice Bell was correct that the issue had already been decided in Brown. In Broim, the defendant argued that “the detective failed to tell him that he could stop answering questions at any time.” *386 Brown, 565 So.2d at 305. Our supreme court rejected the argument and held that the “right to cut off questioning is implicit in the litany of rights which Miranda requires to be given to a person being questioned. It is not, however, among those that must be specifically communicated to such a person.” Id. The court concluded that the “rights card which the detective used contained no mention of cutting off questioning, but, because Miranda does not require such a warning, the warnings given Brown were sufficient.” Id. at 306.
The Florida Supreme Court has not overruled Brown on this point of law, and “does not intentionally overrule itself sub silentio.” Puryear v. State, 810 So.2d 901, 905 (Fla. 2002). Therefore, absent a contrary decision from the United States Supreme Court on this point of law, the holding in Brown was binding, and remains so.
The decisions of the United States Supreme Court do not compel a contrary result. In State v. Powell, 998 So.2d 531 (Fla. 2008), our supreme court held that the failure to specifically advise the defendant of his right to have an attorney present during questioning failed to satisfy the requirements of Miranda. Id. at 532. In Powell, the defendant was advised:
You have the right to remain silent. If you give up the right to remain silent, anything you say can be used against you in court. You have the right to talk to a lawyer before answering any of our questions. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questioning. You have the right to use any of these rights at any time you want during this interview.
Id. at 540 (emphasis omitted). The majority of our supreme court concluded that this warning failed to sufficiently advise the defendant of his rights. In a dissent, Justice Wells stated, “I believe that the majority stretches the plain language of the warning given in this case and ignores the simple, straight-forward requirements for a warning set out in Miranda.” Id. at 544.
Justice Wells’ dissent in Powell ultimately proved correct when the case reached the United States Supreme Court. Elena Kagan, then-Solicitor General of the United States, relied upon Justice Wells’ dissent in her brief on behalf of the United States, and the United States Supreme Court relied upon it in its opinion. In its opinion, the United States Supreme Court stated that the “four warnings Miranda requires are invariable, but this Court has not dictated the words in which the essential information must be conveyed.” Florida v. Powell, 559 U.S. 50, 60, 130 S.Ct. 1195, 175 L.Ed.2d 1009 (2010). “In determining whether police officers adequately conveyed the four warnings ... reviewing courts are not required to examine the words employed as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably convey to a suspect his rights as required by Miranda.” Id. at 60, 130 S.Ct. 1195 (internal quotations omitted).
The United States Supreme Court applied this test and concluded that the officers who interrogated Powell did not omit any information required by Miranda. Id. at 62, 130 S.Ct. 1195. The “warnings reasonably conveyed Powell’s right to have an attorney present, not only at the outset of interrogation, but at all times.” Id. The Court stated: “a reasonable suspect in a custodial setting who has just been read his rights, we believe, would not come to the counterintuitive conclusion that he is obligated, or allowed, to hop in and out of the holding area to seek his attorney’s advice. Instead, the suspect would likely assume that he must stay put in the inter *387 rogation room and that his lawyer would be there with him the entire time.” Id. at 62-63,130 S.Ct. 1195.
The analysis used by the United States Supreme Court in Powell, and in the cases decided before Powell, is the same as that used by our supreme court in Brown. Therefore, we remain bound by Brovm and our supreme court’s holding: “The right to cut off questioning is implicit in the litany of rights which Miranda requires to be given to a person being questioned. It is not, however, among those that must be specifically communicated to such a person.” Brawn, 565 So.2d at 306.

Conclusion

We recede from Ripley v. State, 898 So.2d 1078 (Fla. 4th DCA 2004), and West v. State, 876 So.2d 614 (Fla. 4th DCA 2004), to the extent those decisions require an officer to specifically state that a defendant has the right to stop questioning at any time. The Miranda warning in this case sufficiently advised the defendant of his rights which implicitly included the right to stop questioning. Therefore, the conviction is affirmed.

Affirmed.

Ciklin, C.J., Warner, Gross, Taylor, May, Damoorgian, Gerber, Levine, Conner, Forst and Klingensmith JJ., concur.