DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICK LANGEL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2198

[July 1, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562016CF000799A.

Paul Morris of Law Offices of Paul Morris, P.A., Miami, and Robert J. Watson of Robert J. Watson, P.A., Stuart, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Patrick Langel was convicted and sentenced for manslaughter with a firearm and driving under the influence. He argues the circuit court erred when it concluded before trial that he did not unequivocally invoke his right to remain silent or right to counsel. We hold that he unequivocally invoked his right to counsel, reverse the circuit court's conviction and sentence on the manslaughter charge, and remand for a new trial on that charge.

### *Background*

On appeal, Langel challenges only the court's partial denial of his motion to suppress. We limit our discussion of the facts to that issue.

Before trial, Langel moved to suppress his post-arrest interview by a sergeant and a detective. The record on appeal includes a transcript and a video of the interview.

Langel was handcuffed for four hours before the interview. When the interview did begin, the sergeant read Langel his *Miranda* rights, and Langel said he understood those rights. The sergeant asked Langel questions about the evening and Langel responded. At one point in the interview, when asked for his side of the story, Langel said, "I don't know mine and I have the right to have representation." The sergeant and the detective both responded, "Yes, you do." Langel then said, "And that's all I'm saying."

Later during the interview, Langel said, "[I]t's over, it's done," and denied knowing what the officers were talking about. The questions continued, and Langel demanded a lawyer, stating, "I want a lawyer right now because you guys are confusing me. . . . I said that [ ] how many times?"

The court granted the motion to suppress, in part, suppressing all statements after Langel stated, "[I]t's over, it's done," and "I want a lawyer right now."

## *Analysis*

The Supreme Court's opinion in *Miranda v. Arizona*, 384 U.S. 436 (1966), established four warnings that are required before questioning when a person has been "taken into custody or otherwise deprived of his freedom of action in any significant way." *Morris v. State*, 212 So. 3d 383, 384–85 (Fla. 4th DCA 2017) (en banc) (quoting *Stansbury v. California*, 511 U.S. 318, 322 (1994)).

Here, Langel was advised of his *Miranda* rights and initially chose to continue the interview. But, at some point, he changed his mind and invoked his right to counsel. The question becomes when exactly this occurred.

It is uncontested that all questioning needed to stop if Langel unequivocally invoked a *Miranda* right. A reviewing court must consider the totality of the circumstances in determining whether a suspect's statement unequivocally invoked a *Miranda* right. *See Eversole v. State*, 278 So. 3d 227, 229 (Fla. 1st DCA 2019) (citing *Deviney v. State*, 112 So. 3d 57, 72 (Fla. 2013)).

An invocation of a *Miranda* right "is unambiguous if a reasonable police officer under the circumstances would understand that the suspect is invoking the right." *Braddy v. State*, 111 So. 3d 810, 830 (Fla. 2012) (quoting *Womack v. State*, 42 So. 3d 878, 883 (Fla. 4th DCA 2010)). "Police

are not required to stop a custodial interrogation when a suspect, who has waived his *Miranda* rights, makes an equivocal or ambiguous request for counsel." *Collins v. State*, 4 So. 3d 1249, 1250 (Fla. 4th DCA 2009) (citing *State v. Owen*, 696 So. 2d 715, 717–18 (Fla. 1997)). But "once a suspect unequivocally invokes the right to counsel, all interrogation must cease." *McKenzie v. State*, 125 So. 3d 906, 909 (Fla. 4th DCA 2013) (citing *Miranda*, 384 U.S. at 473–74).

Here, we find that Langel unequivocally invoked his *Miranda* right when in response to a question about his side of the story, he said, "I don't know mine and I have the right to have representation."[1] In response to that statement, the sergeant and detective acknowledged his right. Then Langel said, "[T]hat's all I'm saying."

A reasonable officer would have understood these statements to mean that Langel did not wish to keep speaking without an attorney present. *See Braddy*, 111 So. 3d at 830. And, at that point, *Miranda* required the interview to stop.[2]

### Conclusion

Langel unequivocally invoked his right to counsel. As a result, we reverse the circuit court's conviction and sentence on the manslaughter charge and remand for a new trial on that charge.

*Reversed and remanded.*

LEVINE, C.J., and DAMOORGIAN, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] For clarity on remand, this statement is found on page 386 of the record on appeal and at approximately 13 minutes and 20 seconds on the video admitted into evidence as State's Exhibit 118.

[2] After a thorough review of the record, we conclude that the error was not harmless. *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).